**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| BRIGIDA ELLIOTT, individually and on behalf of all other persons similarly situated, | |
| Plaintiff, | Case No. 0:19-CV-62426-RS |
| v. | Judge Rodney Smith |
| BARBEQUE INTEGRATED, INC., | Magistrate Judge Alicia O. Valle |
| Defendant. | |

**DEFENDANT BARBEQUE INTEGRATED, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT IN PART**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 3

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

    I.       PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF
            CONTRACT UNDER MASSACHUSETTS LAW ................................................. 4

    II.      PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT
            FILING OF TAX RETURNS UNDER FEDERAL LAW .................................... 8

    III.    PLAINTIFF FAILS TO STATE MASSACHUSETTS TORT CLAIMS ........... 12

            A.      Plaintiff Fails To State A Claim For Common Law Fraud Under
                    Massachusetts Law ................................................................................ 12

            B.      Plaintiff Fails To State A Claim For Aiding And Abetting ...................... 13

    IV.    PLAINTIFF FAILS TO STATE AND CANNOT MAINTAIN CLAIM
            FOR QUANTUM MERUIT/UNJUST ENRICHMENT...................................... 16

    V.      PLAINTIFF'S TORT CLAIMS FOR THE PERIOD "2013 TO 2016"
            ARE BARRED BY THE THREE-YEAR STATUTE OF
            LIMITATIONS.................................................................................................. 19

CONCLUSION.................................................................................................................. 20

60767914v.4

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abdallah v. Bain Capital LLC*,
  880 F. Supp. 2d 190 (D. Mass. 2012) ...................................................................19

*Alt. Sys. Concepts, Inc. v. Synopsys, Inc.*,
  374 F.3d 23 (1st Cir. 2004) ...........................................................................12, 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................3, 4

*Backman v. Smirnov*,
  751 F. Supp. 2d 304 (D. Mass. 2010) ...............................................................17

*Bamberg v. SG Cowen*,
  236 F. Supp. 2d 79 (D. Mass. 2002) .................................................................14

*Basora v. JPMorgan Chase Bank*,
  202 F. Supp. 3d 1328 (S.D. Fla. 2016) ...............................................................3

*Bolen v. Paragon Plastics, Inc.*,
  747 F. Supp. 103 (D. Mass. 1990) .....................................................................18

*Brown v. Capital One Bank (USA), N.A.*,
  No. 15-60590-CIV, 2015 WL 5584697 (S.D. Fla. Sept. 22, 2015) ...........................5

*Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*,
  448 F. Supp. 2d 244 (D. Mass. 2006) ...............................................................19

*D.B. Zwirn Special Opportunities Fund L.P. v. Mehrotra*,
  No. CIV.A. 10-10979-RWZ, 2011 WL 317752 (D. Mass. Jan. 31, 2011) ..............19

*Depianti v. Jan-Pro Franchising Int'l, Inc.*,
  39 F. Supp. 3d 112 (D. Mass. 2014) ..................................................................16

*Dorseli v. Gonzalez*,
  No. 2:17-CV-37-FTM-99CM, 2017 WL 4286482 (M.D. Fla. Sept. 27, 2017)..................8, 11

*Doyle v. Hasbro, Inc.*,
  103 F. 3d 186 (1st Cir. 1996) .............................................................................5

*Drexler v. Tel Nexx, Inc.*,
  125 F. Supp. 3d 361 (D. Mass. 2015) ............................................................5, 6, 7

ii

*Bennett ex rel. Estate of Bennett v. F.B.I.*,
    278 F. Supp. 2d 104 (D. Mass. 2003) ...................................................................................14

*Gentry v. Harborage Cottages-Stuart, LLP*,
    No. 08-14020-CIV, 2008 WL 1803637 (S.D. Fla. Apr. 21, 2008) ...........................................6

*Gov't Employees Ins. Co. v. Barron Chiropractic & Rehab., P.C.*,
    No. 1:16-CV-10642-ADB, 2017 WL 3526255 (D. Mass. Aug. 16, 2017) ......................16, 17

*Grikscheit v. Cisco Sys., Inc.*,
    No. CIV.A. 07-11541-RWZ, 2007 WL 3232550 (D. Mass. Oct. 24, 2007) ......................5, 18

*Hamadi Al Tamimi v. Burr*,
    No. MICV2015-03164, 2018 WL 9963869 (Mass. Super. Mar. 26, 2018)..............................19

*HCM High Yield Opportunity Fund, LP v. Skandinaviska Enskilda Banken AB*,
    No. 99-1350-CIV, 2001 WL 36186526 (S.D. Fla. Dec. 14, 2001)...................................12, 13

*Hollis v. JPMorgan Chase Bank, N.A.*,
    No. CV 12-10544-JGD, 2014 WL 12792255 (D. Mass. Dec. 10, 2014) ................................14

*Ingem, Inc. v. Dial Info. Servs., Inc.*,
    No. 17-P-805, 2018 WL 2407182 (Mass. App. May 29, 2018) ..............................................19

*Leon v. Tapas & Tintos, Inc.*,
    51 F. Supp. 3d 1290 (S.D. Fla. 2014) ....................................................................8, 9, 10, 11

*Malden Transportation, Inc. v. Uber Techs., Inc.*,
    286 F. Supp. 3d 264 (D. Mass. 2017) ...................................................................................14

*N. AM. Catholic Educ. Programming Found., Inc. v. Cardinale*,
    567 F.3d 8 (1st Cir. 2009) ....................................................................................................12

*Nickerson-Reti v. Bank of Am., N.A.*,
    No. CV 13-12316-FDS, 2018 WL 2271013 (D. Mass. May 17, 2018)...................................19

*Reed v. Zipcar, Inc.*,
    883 F. Supp. 2d 329, 334 (D. Mass. 2012) ...........................................................................16

*Senter v. JPMorgan Chase Bank, N.A.*,
    810 F. Supp. 2d 1339 (S.D. Fla. 2011) ...............................................................................5, 6

*Spears v. Miller*,
    2006 Mass. App. Div. 151 (Dist. Ct. 2006) ..........................................................................16

*Switala v. Rosenstiel*,
    No. 17-21872-CIV, 2017 WL 7792713 (S.D. Fla. Oct. 3, 2017) ............................8, 9, 10, 11

*Taylor v. Am. Chemistry Council*,
    576 F.3d 16 (1st Cir. 2009) ...........................................................................................12

*Tomei v. Corix Utilities (U.S.) Inc.*,
    No. CIV.A. 07-CV-11928DP, 2009 WL 2982775 (D. Mass. Sept. 14, 2009) .......................18

*Tran Chiropractic Wellness Ctr., Inc. v. Aetna Inc.*,
    No. 8:14-CV-47-T-36EAJ, 2015 WL 144243 (M.D. Fla. Jan. 12, 2015) ..............................12

*Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*,
    92 F.3d 1110 (11th Cir. 1996) ..........................................................................................5

*Tyler v. Michaels Stores, Inc.*,
    840 F. Supp. 2d 438 (D. Mass. 2012) .........................................................................17, 18

*United States v. Buckley*,
    No. CIV.A. 0011632RWZ, 2005 WL 164287 (D. Mass. Jan. 25, 2005) ...............................16

*Vargas v. Spirit Delivery & Distribution Servs., Inc.*,
    245 F. Supp. 3d 268 (D. Mass. 2017) ..............................................................................16

*Vieira v. First Am. Title Ins. Co.*,
    668 F. Supp. 2d 282 (D. Mass. 2009) ............................................................................5, 6

*W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*,
    287 F. App'x 81 (11th Cir. 2008) .....................................................................................4

*White v. Chase*,
    No. CV 4:15-40013-TSH, 2015 WL 13715329 (D. Mass. Oct. 28, 2015).............................14

*Wimbley v. Doyon Sec. Servs., LLC*,
    No 14-20935, 2014 WL 4376148 (S.D. Fla. Sept. 4, 2014) ...................................................4

*Zarrella v. Pac. Life Ins. Co.*,
    755 F. Supp. 2d 1231 (S.D. Fla. 2011) ..............................................................................4

**Statutes**

26 U.S.C. § 7434 ............................................................................................... *passim*

Fair Labor Standards Act ...................................................................................... *passim*

Mass. Gen. Laws ch. 260 § 2A ....................................................................................19

Massachusetts Wage Act ........................................................................................2, 16

**Other Authorities**

Fed. R. Civ. P. 9(b) ............................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6)..............................................................................................................3, 4

Defendant Barbeque Integrated, Inc. ("Smokey Bones" or "Defendant") respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Second and Third Causes of Action (Counts I-IV) set forth in Plaintiff's Amended Complaint.  (ECF No. 30.)

## INTRODUCTION

Plaintiff's latest attempt to inflate her misclassification claim falls short.  While Plaintiff contends that Defendant supposedly misclassified her as exempt from overtime under the FLSA, in her Amended Complaint, she unsuccessfully attempts to expand such theory into make-shift federal "tax fraud" and common law claims.  Plaintiff has not and cannot plead such claims for multiple reasons, including:  (i) Plaintiff has not and cannot allege facts that support the causes of action she attempts to plead; (ii) Plaintiff cannot proceed on equitable theories where she has adequate remedies at law; and (iii) Plaintiff cannot assert tort claims for the period 2013 to 2016 because such claims are barred by the applicable statute of limitations.

First, Plaintiff's claim for breach of contract under Massachusetts law fails because Plaintiff has not alleged the elements of a claim for breach of contract.  In particular, Plaintiff fails to allege that she formed any contract or agreement with Smokey Bones under which Smokey Bones allegedly promised to pay her hourly or to pay her overtime compensation for hours worked over 40 in a workweek.  To the contrary, Plaintiff alleges that Smokey Bones hired her and that she worked for Smokey Bones on a salary basis.  Accordingly, Plaintiff has not stated a claim for breach of contract, and her claim should be dismissed.

Second, Plaintiff's claim for fraudulent filing of tax returns under federal law fails because Plaintiff has not alleged the elements of such a claim, let alone with the particularity required by Federal Rule 9(b).  Plaintiff asserts that Smokey Bones failed to pay her overtime compensation and, as a result, failed to report overtime compensation to the IRS.  Such allegations are insufficient to maintain a claim that Smokey Bones filed fraudulent returns or did

so willfully in violation of 26 U.S.C. § 7434. Accordingly, the Court should dismiss Plaintiff's claim for tax fraud.

Third, Plaintiff's claims for fraud and aiding & abetting fraud under Massachusetts law fail because Plaintiff has not set forth facts sufficient to allege the elements of those claims as required by Federal Rule 9(b). Among other things, Plaintiff has not stated facts showing that Smokey Bones knowingly made a false representation of material fact to Plaintiff, that Plaintiff relied upon or was damaged by any such statement, or that Smokey Bones aided or abetted any third party in performing a fraudulent act. Accordingly, the Court should dismiss Plaintiff's common law claims.

Fourth, Plaintiff's equitable claim for quantum meruit/unjust enrichment fails because Plaintiff cannot maintain an equitable claim where she has an adequate remedy at law. Plaintiff seeks the same relief – payment of purportedly unpaid overtime wages – under the Massachusetts Wage Act ("MWA") as well as the Fair Labor Standards Act ("FLSA"), rendering her equitable claims for quantum meruit/unjust enrichment redundant and unnecessary. And, in any event, Plaintiff has not pleaded facts to support such claim. The Court, therefore, should grant Defendant's motion to dismiss.

Finally, to the extent that Plaintiff has stated claims under any of her Massachusetts tort theories (which she has not), she cannot maintain those claims for the period she pursues – *i.e.*, September 30, 2013, to September 29, 2016 – because those claims are time-barred. Plaintiff's tort claims, including her claims for common law fraud, unjust enrichment, and aiding and abetting fraud, are subject to a three-year statute of limitations. Plaintiff originally filed her Complaint on September 30, 2019, and therefore cannot maintain such claims for any period prior to September 30, 2016.

Accordingly, the Court should grant Defendant's Motion and dismiss Plaintiff's Second and Third Causes of Action (Counts I-IV).

## BACKGROUND

On December 16, 2019, Plaintiff filed an amended class and collective action complaint against Smokey Bones rather than respond to the pending motion to dismiss.  (ECF No. 30.)  In her Amended Complaint,  Plaintiff alleges three categories of claims.  First, Plaintiff asserts that Smokey Bones purportedly misclassified its Kitchen, Service, and Bar Managers ("KSBMs") at all Smokey Bones restaurants as exempt and, as a result, failed to pay those KSBMs overtime compensation for hours worked in excess of forty (40) in a workweek.  Second, Plaintiff alleges that, because Smokey Bones purportedly misclassified the KSBMs as exempt, it failed to pay them overtime and fraudulently and willfully submitted tax returns in violation of 26 U.S.C. § 7434.  Third, Plaintiff alleges that Smokey Bones violated Massachusetts common law, and asserts claims for breach of contract, quantum meruit/unjust enrichment, fraud, and aiding and abetting fraud, on behalf of a putative class of all Massachusetts KSBMs for the period September 30, 2013, through September 29, 2016.  For the reasons below, Plaintiff has failed to state a claim for breach of contract, fraudulent submission of tax information, common law fraud, aiding and abetting fraud, or quantum meruit/unjust enrichment.  Accordingly, those claims should be dismissed.

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may seek dismissal where a plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6); *Basora v. JPMorgan Chase Bank*, 202 F. Supp. 3d 1328, 1329 (S.D. Fla. 2016).  To overcome a motion to dismiss, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

3

U.S. 662, 678 (2009).  A plaintiff must show that her pleading contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.  A complaint cannot rest on "naked assertion[s] devoid of further factual enhancement." *Wimbley v. Doyon Sec. Servs., LLC*, No 14-20935, 2014 WL 4376148, at *1 (S.D. Fla. Sept. 4, 2014) (quoting *Iqbal*, 556 U.S. at 678).

A plaintiff alleging fraud or mistake must meet a heightened standard.  To survive a motion to dismiss under Rule 12(b)(6), claims of fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires a complaint to plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008).  "The purpose of this heightened pleading requirement is to give the defendant fair notice of the claims brought against it, to protect the defendant from harm to its reputation, and to prevent plaintiffs from filling baseless claims and then attempting to discover unknowing wrongs." *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1231, 1236 (S.D. Fla. 2011).

## ARGUMENT

## I.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT UNDER MASSACHUSETTS LAW

The Court should dismiss Plaintiff's breach of contract claim (Third Cause of Action, Count I) because Plaintiff fails to allege and cannot allege the required elements.  In particular, Plaintiff has not alleged that she formed a contract with Smokey Bones that required Smokey

Bones to pay Plaintiff overtime compensation, and she cannot make such a contention because it

runs counter to her allegations that Smokey Bones hired and employed Plaintiff on a salary basis.

Under Massachusetts law, to state a claim for breach of contract, a plaintiff must show:

(1) the existence of a valid and binding contract; (2) that the defendant breached the terms of the

contract; and (3) that the plaintiff has suffered damages from the breach.  *Drexler v. Tel Nexx,*

*Inc.*, 125 F. Supp. 3d 361, 375 (D. Mass. 2015).[1]  "It is not enough to allege, in a conclusory

fashion, that the facts demonstrate a breach of contract."  *Vieira v. First Am. Title Ins. Co.*, 668

F. Supp. 2d 282, 288 (D. Mass. 2009).  Rather, it is "essential to state with substantial certainty

the facts showing the existence of the contract and legal effect thereof."  *Id*. at 289; *see*

*Grikscheit v. Cisco Sys., Inc.*, No. CIV.A. 07-11541-RWZ, 2007 WL 3232550, at *1 (D. Mass.

Oct. 24, 2007) (dismissing breach of contract claim where "the complaint simply asserts, in

conclusory fashion, that the plaintiffs 'formed an agreement with [defendant],' without providing

any detail regarding the alleged contract or its terms").

To plead the existence of a valid and binding contract, a plaintiff must allege facts to

show that the parties reached agreement on particular terms.  *Id*. at 288-89; *Doyle v. Hasbro,*

*Inc.*, 103 F. 3d 186, 194-95 (1st Cir. 1996) (affirming dismissal of breach of contract claim

where the complaint neither explained what obligations the alleged contract imposed on each of

---

[1] Plaintiff claims, without support, that Massachusetts contract law should apply.  However, Plaintiff has not alleged enough facts to establish the applicability of either Massachusetts or Florida contract law.  Under Florida's choice of law analysis, "issues concerning the validity and substantive obligations of contracts are governed by the law of the place where the contract is made…[*i.e*.,] where the last act necessary to complete the contract is performed." *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1119 (11th Cir. 1996).  Here, Plaintiff provides no such information in the Complaint.  However, such an analysis is ultimately unnecessary because Florida contract law has similar elements and the courts in this District have required plaintiffs to identify the provision of the contract alleged to have been breached to survive a motion to dismiss.  *See Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011) ("In order to properly plead a claim for breach of contract under Florida law, a plaintiff must prove the existence of a valid contract, a breach of such contract, and damages resulting from such breach."); *Brown v. Capital One Bank (USA), N.A.*, No. 15-60590-CIV, 2015 WL 5584697, at *3 (S.D. Fla. Sept. 22, 2015) ("In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege which provision of the contract has been breached.").

the parties, nor presented "the terms of a contract, its duration, or even when it was formed"); *see also Senter*, 810 F. Supp. 2d 1339 at 1345 ("In order to establish the presence of a valid contract, a plaintiff must allege the existence of: (1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms of the agreement.").

The failure to identify a contract imposing the obligations that the defendant allegedly breached is fatal to a breach of contract claim.  *See Drexler*, 125 F. Supp. 3d at 376 (dismissing breach of contract claim where plaintiff sought to "enforce a contractual term – a right to compensation for hours worked above and beyond forty hours per week – that [was] nowhere to be found in any of the contractual documents to which he points or in any of the allegations in the complaint"); *see also Vieira*, 668 F. Supp. 2d at 290 (dismissing complaint where "[p]laintiffs have not alleged with 'substantial certainty' facts showing the existence of a binding contract that included the term that [defendant] allegedly breached"); *Gentry v. Harborage Cottages-Stuart, LLP*, No. 08-14020-CIV, 2008 WL 1803637, at *4 (S.D. Fla. Apr. 21, 2008) ("Where the facts pleaded are insufficient to determine which of the provisions may have been breached, the claim cannot survive a motion to dismiss.").

In *Drexler*, 125 F. Supp. 3d at 363-68, for instance, the plaintiff brought suit against his employer alleging claims for unpaid overtime wages under the FLSA and for breach of contract under Massachusetts law.  The plaintiff in *Dexler*, like Plaintiff here, alleged that the employer misclassified him as an exempt employee, that he regularly worked more than 40 hours per week, and that his employer failed to pay him overtime compensation.  *Id*. at 369-70, 374.  The court dismissed the plaintiff's breach of contract claim because he failed to allege that he formed a contract with his employer that entitled him to "compensation for hours worked above and beyond forty hours per week."  *Id*.  The court held that plaintiff could not pursue a breach of

6

contract claim for "the failure to provide compensation not called for by a contract" because such failure "does not constitute breach." *Id*. at 376.

As in *Drexler*, Plaintiff here fails to allege any facts showing that she formed a contract with Smokey Bones that imposes the obligations that she contends Smokey Bones breached. Plaintiff claims "upon information and belief" that she "signed an employment contract in April of 2015," that Smokey Bones breached the contract "by failing to pay regular wages for all hours worked over 40 per week," and that she is entitled to "unpaid wages for hours worked in excess of forty in a workweek, as required by [her] employment contract with Defendant." (ECF No. 30 ¶¶ 7, 23, 142, 144.) Plaintiff, however, fails to plead facts showing that the parties formed an "employment contract" that required Smokey Bones to pay her hourly, let alone an agreement that required Smokey Bones to pay her overtime wages "for hours worked in excess of forty in a workweek."

In fact, contrary to alleging an agreement that called for hourly pay, as in *Drexler*, Plaintiff here alleges that Smokey Bones hired her and employed her on a salary basis. (ECF No. 30 ¶¶ 18-19, 23, 39, 74-75, 142-143.) According to Plaintiff:

> [U]pon her start date in April of 2015, Plaintiff and Defendant ***mutually agreed*** that Plaintiff would work as a ***salaried*** Service Manager at the Tyngsboro, MA Smokey Bones location. And that it was agreed that Plaintiff be paid approximately $58,000.00 per year.

(ECF No. 30 ¶ 143 (emphasis added).) Thus, Plaintiff's own allegations demonstrate that any "agreement" or "contract" between the parties required Plaintiff to work on a salary basis and for Smokey Bones to pay Plaintiff on a salary basis of "approximately $58,000.00 per year" – and not for Plaintiff to work on an hourly basis with overtime compensation.

In sum, Plaintiff's mere conclusion that Smokey Bones violated Massachusetts contract law by failing to pay her wages for hours "worked over forty (40) in a given workweek" is

insufficient to set forth a breach of contract claim.  Plaintiff does not identify facts supporting the existence of a contract between the parties, let alone a contract that required Smokey Bones to pay her overtime wages for hours worked over 40 in a workweek.  Accordingly, the Court should dismiss Plaintiff's breach of contract claim.

## II.    PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT FILING OF TAX RETURNS UNDER FEDERAL LAW

The Court likewise should dismiss Plaintiff's claim for the fraudulent filing of information returns under 26 U.S.C. § 7434 (Second Cause of Action).  Plaintiff's conclusory allegations that Smokey Bones violated 26 U.S.C. § 7434 by fraudulently filing Plaintiff's IRS returns fail to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).  As a result, Plaintiff cannot proceed with such claim.

Under 26 U.S.C. § 7434, if a person "willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."  26 U.S.C. § 7434.  To state a claim for violation of this statute, a plaintiff must allege facts to support three elements, including that:  (1) the defendant issued information returns; (2) the information returns were fraudulent; and (3) the defendant willfully issued the returns.  *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014); *Dorseli v. Gonzalez*, No. 2:17-CV-37-FTM-99CM, 2017 WL 4286482, at *3 (M.D. Fla. Sept. 27, 2017).  "Willfulness" in the context of 26 U.S.C. § 7434 "connotes a voluntary, intentional violation of a legal duty," thus, a claim for tax fraud requires "intentional wrongdoing."  *Switala v. Rosenstiel*, No. 17-21872-CIV, 2017 WL 7792713, at *7 (S.D. Fla. Oct. 3, 2017) (quoting *Leon*, 51 F. Supp. 3d at 1298).

A plaintiff must plead tax fraud claims under 26 U.S.C. § 7434 with particularity in accordance with Federal Rule 9(b).  *Dorseli*, 2017 WL 4286482, at *4.  "Bare assertions that [the

defendant] 'knew' the returns to be false . . . without specific facts as to the who, what, when, why or how surrounding the actual filing of the returns – does not meet the standard for pleading tax fraud." *Switala*, 2017 WL 7792713, at *7 (quoting *Leon*, 51 F. Supp. 3d at 1298). Courts routinely dismiss tax fraud claims where plaintiffs fail "to include specific facts supporting an inference of scienter, *i.e.*, that [the defendant] willfully filed fraudulent information returns." *See Leon*, 51 F. Supp. 3d at 1298; *see also Switala*, 2017 WL 7792713, at *7.

In *Leon*, 51 F. Supp. 3d at 1297, for instance, the plaintiff alleged that, because the defendants intentionally misclassified the plaintiff as an independent contractor, rather than an employee, the defendants willfully filed fraudulent 1099 forms in violation of 26 U.S.C. § 7434. The court dismissed the plaintiff's claims. The court found that, although the plaintiff "provided facts to show he may be an 'employee' under the FLSA entitled to the issuance of W-2 forms," he failed to include specific facts supporting an inference of scienter, *i.e.*, that defendants "willfully filed fraudulent information returns." *Id*. at 1298. "Bare assertions that Defendants 'knew' the returns to be false, or that Plaintiff requested that Defendants pay him as an employee – without specific facts as to the who, what, when, why or how surrounding the actual filing of returns – does not meet the standard for pleading tax fraud." *Id*.

Similarly, in *Switala*, 2017 WL 7792713, at *6-7, the plaintiff alleged that, because his employer misclassified him as an independent contractor, the employer fraudulently filed 1099 forms in violation of 26 U.S.C. § 7434. The court dismissed his claim. The court found that, although the plaintiff "included sufficient factual allegations in the [complaint] for the Court to infer that the Defendants knew that the Plaintiff was misclassified as an independent contractor" and "included numerous factual allegations concerning the Defendants' motive for misclassifying him," the plaintiff failed to "include[] sufficient factual allegations concerning the

actual filing of fraudulent information returns," including for example, "which [d]efendant issued the returns or when they were issued." *Id*. at *7.  As in *Leon*, the court ruled that, at the motion to dismiss stage, "bare assertions that Defendants 'knew' the returns to be false," without specific details surrounding the actual filing of the returns, are insufficient to survive a motion to dismiss. *Id*.

Here, Plaintiff similarly fails to meet the heightened pleading standard to state a claim related to any allegedly willful submission of fraudulent information returns.  Plaintiff bases her tax fraud claim entirely upon Smokey Bones' purported misclassification of Plaintiff as exempt. Plaintiff fails to set forth facts showing that Smokey Bones filed fraudulent returns, let alone supporting an inference of scienter or establishing the who, what, when, why, or how, Smokey Bones supposedly submitted purportedly fraudulent returns.  As such, Plaintiff fails to state a claim for tax fraud under 26 U.S.C. § 7434 for multiple reasons.

First, Plaintiff alleges that Smokey Bones purportedly became aware that it supposedly misclassified KSBMs as exempt employees.  Plaintiff concludes, "upon information and belief," that Smokey Bones learned about KSBMs' purported misclassification prior to Fall 2018[2] and knew Plaintiff "regularly worked sixty-five (65) hours per week, [and was] not exempt from overtime."  (ECF No. 30 ¶¶ 119-122.)  Plaintiff's allegations are insufficient to meet Plaintiff's burden.  Plaintiff fails to allege facts that show how or in what way Smokey Bones supposedly filed fraudulent returns relative to the payments that Smokey Bones made to Plaintiff.

---

[2] Throughout her Amended Complaint, Plaintiff references a separate matter, *Hart, et al. v. Barbeque Integrated, Inc.*, without explanation, and concludes "upon information and belief" that Smokey Bones had knowledge concerning the classification of its KSBMs by at least Fall 2018.  Plaintiff fails to set forth any facts that would connect *Hart* to any purported misclassification.  *Hart* concerned a server at a Smokey Bones restaurant in South Carolina and sought to represent tipped employees.  *Hart* did not implicate Smokey Bones' assistant managers, KSBMs, salaried employees, exempt employees, or misclassification of any kind.  Plaintiff's unsupported conclusion that *Hart* provided Smokey Bones actual or constructive knowledge regarding KSBM classifications is insufficient to support an inference of scienter.

10

Second, even if Smokey Bones' supposed knowledge of misclassification supported a tax fraud claim, which it does not, Plaintiff fails to allege that Smokey Bones had such knowledge during Plaintiff's employment.  Plaintiff alleges that she resigned from Smokey Bones in June 2018 (ECF No. 30 ¶ 24), and that Smokey Bones supposedly became aware of her purported misclassification prior to Fall 2018.  Thus, according to Plaintiff's allegations, Smokey Bones may have known – or may not have known – that it supposedly had misclassified Plaintiff at the time of her separation.

Third, in any event, Plaintiff has not alleged any facts that Smokey Bones supposedly acted willfully in filing any allegedly fraudulent tax forms.  Plaintiff claims "upon information and belief," that "Defendant willfully directed a subordinate" or "their CFO Milnthorpe" or "Milnthorpe acted on her own accord, to improperly file" Plaintiff's tax forms.  (ECF No. 30 ¶ 119.)  Plaintiff fails to set forth any facts showing how Plaintiff's forms were false, when or how any of the potential submitters allegedly filed supposedly false forms, how any of the potential submitters allegedly falsified Plaintiff's forms or allegedly gained knowledge of their falsity, or why any of the potential submitters allegedly filed supposedly false forms.

In sum, Plaintiff's conclusions fail to identify how or why the returns were fraudulent, who filed Plaintiff's returns, when or how such returns were supposedly filed, or why the filing was willful and improper.  Conclusory allegations that Smokey Bones "knew" Plaintiff was misclassified or that Smokey Bones acted "willfully, intentionally, or fraudulently" are insufficient to satisfy Rule 9(b)'s heightened pleading standard.  *See Leon*, 51 F. Supp. 3d at 1298; *see also Switala*, 2017 WL 7792713, at *7.  Thus, Plaintiff's allegations fail to satisfy Rule 9(b).  *See Dorseli*, 2017 WL 4286482, at *4 (dismissing tax fraud claim because "plaintiffs fail

11

to allege any . . . factual details regarding the returns that would tend to show any knowing and willful filing").

## III.    PLAINTIFF FAILS TO STATE MASSACHUSETTS TORT CLAIMS

Plaintiff fails to state viable tort claims under Massachusetts law because she fails to plead the elements of her claims for common law fraud and aiding & abetting fraudulent concealment.  (Third Cause of Action, Counts III and IV.)

### A.    Plaintiff Fails To State A Claim For Common Law Fraud Under Massachusetts Law

The Court should dismiss Plaintiff's claim for fraud under Massachusetts law because Plaintiff fails to allege the elements with the particularity required by Rule 9(b).  To establish a claim for common law fraud under Massachusetts law, a plaintiff must allege that: (1) the defendant made a false representation of a material fact; (2) the defendant knew of its falsity when it was made; (3) the defendant made the statement with the purpose of inducing the plaintiff to act; (4) the plaintiff relied on the representation as true; and (5) the plaintiff acted upon the statement and suffered damages.  *Taylor v. Am. Chemistry Council*, 576 F.3d 16, 31 (1st Cir. 2009).

A plaintiff must plead fraud with particularity, which means that the plaintiff must "specify the who, what, where, and when of the allegedly false or fraudulent representation." *Alt. Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004); *Tran Chiropractic Wellness Ctr., Inc. v. Aetna Inc.*, No. 8:14-CV-47-T-36EAJ, 2015 WL 144243, at *4 (M.D. Fla. Jan. 12, 2015).  In addition, the plaintiff must "identify[] the basis for inferring scienter."  *N. AM. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009); *HCM High Yield Opportunity Fund, LP v. Skandinaviska Enskilda Banken AB*, No. 99-1350-CIV, 2001 WL 36186526, at *21 (S.D. Fla. Dec. 14, 2001).  In other words, the plaintiff must set forth

"specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." *Id*.

Here, Plaintiff fails to set forth any facts establishing the elements of fraud, let alone with particularity. Indeed, Plaintiff, who primarily asserts allegations based "upon information and belief," fails to identify a knowingly false representation of material fact that Smokey Bones purportedly made and fails to allege that any knowingly false representation was made for the purpose of inducing Plaintiff to act. Moreover, Plaintiff does not even attempt to allege that she relied or acted upon any false representation or was damaged by such reliance. In other words, Plaintiff fails to allege even the basic elements of fraud, much less specifying the "who, what, where, and when of the allegedly false or fraudulent representation." *Alt. Sys. Concepts, Inc.*, 374 F.3d at 29.

Further, Plaintiff fails to set forth any facts from which to infer scienter. Instead, Plaintiff merely concludes, without factual support and "upon information and belief" that Smokey Bones became aware of the KSBMs purported misclassification sometime in Fall 2018 "during the auditing process of their prior FLSA lawsuit," knew that its KSBMs were misclassified, and willfully misclassified Plaintiff even though it hired her three years earlier. (ECF No. 30 ¶¶ 151-56.) Conclusory assertions that Smokey Bones had knowledge, or acted willfully and/or fraudulently are insufficient to establish a claim under normal pleading standards, let alone under the more stringent standards of Rule 9(b). Plaintiff's effort to relabel her FLSA overtime claim as a fraud claim must be rejected.

### B.    Plaintiff Fails To State A Claim For Aiding And Abetting

The Court should dismiss Plaintiff's claim for aiding and abetting a fraudulent concealment under Massachusetts law. Plaintiff fails to plead the elements for aiding and abetting and, therefore, her claim cannot proceed.

13

Under Massachusetts law, "a defendant may be liable for aiding and abetting a tort where (1) a third-party committed the relevant tort; (2) the defendant knew the third-party was committing the tort; and (3) the defendant actively participated in or assisted in the commission of the tort." *Malden Transportation, Inc. v. Uber Techs., Inc.*, 286 F. Supp. 3d 264, 280 (D. Mass. 2017); *Hollis v. JPMorgan Chase Bank, N.A.*, No. CV 12-10544-JGD, 2014 WL 12792255, at *6 (D. Mass. Dec. 10, 2014).

To allege fraudulent concealment, Plaintiff must show that "(1) defendant engaged in a course of conduct designed to conceal evidence of their alleged wrong-doing and that (2) the plaintiff[] [was] not on actual or constructive notice of that evidence, despite (3) their exercise of reasonable diligence." *White v. Chase*, No. CV 4:15-40013-TSH, 2015 WL 13715329, at *5 (D. Mass. Oct. 28, 2015), *report and recommendation adopted*, No. CV 15-40013-TSH, 2016 WL 347040 (D. Mass. Jan. 27, 2016); *see Bamberg v. SG Cowen*, 236 F. Supp. 2d 79, 91 (D. Mass. 2002) ("The plaintiffs fail to plead with specificity allegations of fraud sufficient to substantiate their claim that [defendant] substantially assisted or encouraged a fraud perpetrated by [the other defendant].").  Moreover, Plaintiff must show she was injured by the defendant's fraudulent conduct.  *Bennett ex rel. Estate of Bennett v. F.B.I.*, 278 F. Supp. 2d 104, 119 (D. Mass. 2003) ("[F]raudulent concealment is available 'where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part.'").

Plaintiff must allege a claim for aiding and abetting a claim that sounds in fraud, as well as the underlying claim of fraudulent concealment, with particularity in accordance with the heightened pleading requirements of Rule 9(b).  *Bamberg*, 236 F. Supp. 2d at 91; *White*, No. CV 4:15-40013-TSH, 2015 WL 13715329, at *5 ("[I]t is plaintiffs' burden to plead with particularity

the facts giving rise to their claim of fraudulent concealment.").  Here, Plaintiff fails to plead the basic elements of aiding and abetting or fraudulent concealment.

As an initial matter, Plaintiff alleges that Nicole Milnthorpe and Ryan Esko aided and abetted Smokey Bones' purportedly fraudulent conduct.  (ECF No. 30 ¶¶ 160-162.)  Plaintiff's conclusory allegations that two non-parties aided and abetted Smokey Bones does not state a claim of aiding and abetting against Smokey Bones.  Plaintiff fails to allege that *Smokey Bones* aided and abetted a *third party* in committing a tort or in breaching a duty to Plaintiff.  Plaintiff fails to allege any facts that *Smokey Bones* had knowledge of a *third party* committing a tort or breaching a duty to Plaintiff.  And, Plaintiff fails to plead any facts that *Smokey Bones* actively participated with or assisted a *third party* in committing a tort or breaching a duty to Plaintiff.  Accordingly, Plaintiff has not alleged any of the elements of a claim for aiding and abetting.

Plaintiff likewise fails to allege facts supporting the underlying claim of fraudulent concealment.  Plaintiff simply concludes "upon information and belief" that Smokey Bones fraudulently concealed its liability by "failing to amend company policies" and "issuing arbitration agreements to current and former KSBMs around the fall of 2018."  (ECF No. 30 ¶¶ 161-62.)  Plaintiff fails to provide facts as to how failing to change policies or entering into arbitration agreements rises to the level of fraudulent conduct.  Moreover, Plaintiff fails to allege that she lacked notice despite her reasonable diligence, or that she was damaged by Smokey Bones' purportedly fraudulent concealment.  Threadbare conclusions that Smokey Bones acted fraudulently are insufficient under Rule 9(b).  As such, Plaintiff's aiding and abetting fraudulent concealment claim fails.

IV.    **PLAINTIFF FAILS TO STATE AND CANNOT MAINTAIN CLAIM FOR QUANTUM MERUIT/UNJUST ENRICHMENT**

The Court should dismiss Plaintiff's equitable claim for quantum meruit/unjust enrichment (Third Cause of Action, Count II).  Plaintiff fails to allege facts supporting her claim and cannot bring an equitable claim for the same alleged damages that she seeks through her statutory claims.

Unjust enrichment and quantum meruit[3] are equitable remedies that are only available when a plaintiff lacks an adequate remedy at law.  *Gov't Employees Ins. Co. v. Barron Chiropractic & Rehab., P.C.*, No. 1:16-CV-10642-ADB, 2017 WL 3526255, at *12 (D. Mass. Aug. 16, 2017); *Vargas v. Spirit Delivery & Distribution Servs., Inc.*, 245 F. Supp. 3d 268, 280 (D. Mass. 2017) (finding quantum meruit unavailable where the Massachusetts Wage Act provided an "adequate remedy at law").

The "mere availability of adequate remedies at law is a bar to" equitable relief.  *Id.* (quoting *Fernandes v. Havkin*, 731 F. Supp. 2d 103, 114 (D. Mass 2010)).  Such equitable relief is precluded even if the adequate legal remedy's statute of limitations has expired or is no longer available to plaintiff.  *Spears v. Miller*, 2006 Mass. App. Div. 151 (Dist. Ct. 2006); *United States v. Buckley*, No. CIV.A. 0011632RWZ, 2005 WL 164287, at *1 (D. Mass. Jan. 25, 2005) (finding equitable claims precluded despite that the legal remedy for some of the claims had evaporated due to operation of the statute of limitations).  Thus, to the extent that a plaintiff is or was able to assert statutory claims for the same alleged damages, a plaintiff is precluded from bringing an equitable claim for unjust quantum meruit/unjust enrichment.  *See id.; Reed v. Zipcar, Inc.*, 883 F. Supp. 2d 329, 334 (D. Mass. 2012), *aff'd*, 527 F. App'x 20 (1st Cir. 2013) (holding that

---

[3] "[Q]uantum meruit is a species of unjust enrichment."  *Depianti v. Jan-Pro Franchising Int'l, Inc.*, 39 F. Supp. 3d 112, 142 (D. Mass. 2014).

"[plaintiff's] statutory claim for unfair and deceptive acts and practices precludes her from bringing equitable claims"); *Gov't Employees Ins. Co.,* 2017 WL 3526255, at *12 (holding that plaintiff "state[d] plausible Chapter 93A and common law fraud claims, and therefore has an adequate remedy at law").

Here, Plaintiff seeks the same damages that she asserts in her statutory claims for alleged unpaid wages.  In her Count, Plaintiff incorporates the other paragraphs of her Complaint and adds two conclusions:  (1) "Defendant is liable to Plaintiff and the Massachusetts Class Action Members based on quantum meruit"; and (2) "As a direct and proximate cause of Defendants' failure to pay Plaintiff and the Massachusetts Class Action Members the reasonable value of their services . . . Plaintiff and the Massachusetts Class Action Members . . . have suffered damages."  (ECF No. 30 ¶¶ 146-148.)  These unsupported conclusions merely reinforce that Plaintiff seeks the same alleged unpaid wages that she seeks through her statutory claims. Because Plaintiff fails to provide facts to support her claim and fails to demonstrate that she seeks any remedy through her asserted equitable claims aside from the damages that she seeks through her legal claims, her Count for quantum meruit/unjust enrichment should be dismissed.

Moreover, Plaintiff's quantum meruit/unjust enrichment claim should be dismissed because Plaintiff fails to allege that both parties had a reasonable expectation that Plaintiff was entitled to compensation, in this case compensation in addition to Plaintiff's alleged annual salary for any work performed in excess of 40 hours per week.  *See Backman v. Smirnov*, 751 F. Supp. 2d 304, 314 (D. Mass. 2010) (holding that, for quantum meruit, a plaintiff must show that the "defendant[] accepted the [plaintiff's] services with the reasonable expectation of compensating the plaintiff" and "the plaintiff provided the services with the reasonable expectation of receiving compensation"); *see also Tyler v. Michaels Stores, Inc.*, 840 F. Supp. 2d

438, 451 (D. Mass. 2012) (holding that whether a benefit is "unjust" "turns on the reasonable expectations of the parties . . . mean[ing] that the parties were dealing with each other in such a way, or in such circumstances, that reasonable people would expect payment by the defendant to the plaintiff for some benefit conferred by the plaintiff on the defendant").

A failure to make such allegations is fatal to a quantum meruit/unjust enrichment claim. *See Bolen v. Paragon Plastics, Inc.*, 747 F. Supp. 103, 106-08 (D. Mass. 1990) (dismissing complaint where plaintiff did "not allege that he ever expected compensation from [defendant] when he performed his services"); *Grikscheit*, No. CIV.A. 07-11541-RWZ, 2007 WL 3232550, at *2 (holding that plaintiff failed to allege facts to establish the parties' reasonable expectations regarding compensation); *Tyler*, 840 F. Supp. 2d at 451 ("[T]here was no unjust enrichment because [plaintiff] has not sufficiently alleged that reasonable people would expect to receive payment by the defendant in these circumstances.").[4]

Here, Plaintiff has not alleged that Smokey Bones had a reasonable expectation of compensating Plaintiff in addition to her annual salary for work she may have performed in excess of 40 hours in a workweek.  Nor does Plaintiff allege that she provided services to Smokey Bones with the reasonable expectation of receiving such compensation.  To the contrary, Plaintiff alleges that the parties "mutually agreed that Plaintiff would work as a salaried Service Manager . . . and . . . agreed that Plaintiff would be paid approximately $58,000.00 per year."  (ECF No. 30 ¶ 143.)  Thus, Plaintiff's allegations show that the parties did not reasonably expect Plaintiff to be paid more than her annual salary for any overtime work performed.

---

[4] *See also Tomei v. Corix Utilities (U.S.) Inc.*, No. CIV.A. 07-CV-11928DP, 2009 WL 2982775, at *20 (D. Mass. Sept. 14, 2009) ("[Plaintiff] had no reasonable expectation of receiving prevailing wages or overtime pay for his work. . . [because plaintiff] affirmatively assented to his salary structure and benefits prior to beginning work on the project, and that he in fact received the salary and benefits that he was promised.  Whatever statutory violations Defendants are alleged to have committed with respect to prevailing wages and overtime pay, there is no basis to claim that their actions undermined [plaintiff's] reasonable expectations regarding his compensation.").

V.      **PLAINTIFF'S TORT CLAIMS FOR THE PERIOD "2013 TO 2016" ARE
        BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS**

To the extent that Plaintiff has stated claims for any of the Massachusetts torts discussed

above, which she has not, those claims should be dismissed because they relate to the period

"September 30, 2013 - September 29, 2016" and, therefore, are time-barred under the applicable

three-year statute of limitations.

Under Massachusetts law, tort claims are subject to a three year statute of limitations.

*See* Mass. Gen. Laws ch. 260 § 2A ("Except as otherwise provided, actions of tort . . . shall be

commenced only within three years after the cause of action accrues."); *Abdallah v. Bain Capital

LLC*, 880 F. Supp. 2d 190, 195 (D. Mass. 2012) (finding that three-year statute of limitations

applies to claims for common law fraud and unjust enrichment).

Tort claims subject to the three-year statute of limitations include, among others, claims

for fraud, unjust enrichment, and aiding and abetting.  *See, e.g., Nickerson-Reti v. Bank of Am.,

N.A.*, No. CV 13-12316-FDS, 2018 WL 2271013, at *19 (D. Mass. May 17, 2018) ("The

limitations period for fraud claims is three years."); *D.B. Zwirn Special Opportunities Fund L.P.

v. Mehrotra*, No. CIV.A. 10-10979-RWZ, 2011 WL 317752, at *1 (D. Mass. Jan. 31, 2011)

("Plaintiff's [aiding and abetting fraud] claim[] [is] subject to a three-year statute of

limitations."); *Ingem, Inc. v. Dial Info. Servs., Inc.*, No. 17-P-805, 2018 WL 2407182, at *2

(Mass. App. May 29, 2018) ("The statute of limitations for unjust enrichment based in a tort

claim . . . is three years."); *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik

G.m.b.H. & Co. Kg.*, 448 F. Supp. 2d 244, 262-63 (D. Mass. 2006), *aff'd*, 510 F.3d 77 (1st Cir.

2007) (finding three-year statute of limitations applicable to unjust enrichment claim); *Hamadi

Al Tamimi v. Burr*, No. MICV2015-03164, 2018 WL 9963869, at *4 (Mass. Super. Mar. 26,

19

2018) ("plaintiff's unjust enrichment claim plainly sounds in tort as it relies on his assertion that the defendants wrongfully overbilled him").

Here, Plaintiff originally filed suit on September 30, 2019, and attempts to assert Massachusetts tort claims on behalf of herself as well as "KSBMs, and other employees holding comparable positions with different titles, employed by Defendants in Massachusetts" from "September 30, 2013-September 29, 2016 (hereinafter the 'Massachusetts Class Period')."  (ECF No. 30 ¶¶ 128-130; ECF No. 1)[5]  She asserts various claims on behalf of this putative Massachusetts Class, including:  (i) Count II for Unjust Enrichment; (ii) Count III for Fraud; and (iii) Count IV for Aiding and Abetting.  (ECF No. 30 ¶¶ 146-163.)

Plaintiff filed suit on September 30, 2016, and therefore, neither Plaintiff nor the putative Class Members can assert tort claims for the designated period – *i.e.*, "September 30, 2013-September 29, 2016" – because they are barred by the three year statute of limitations.  As such, Plaintiff's tort claims must be dismissed.

## CONCLUSION

Based on the foregoing reasons, Defendant respectfully requests that this Court enter an Order granting this motion, and dismissing Plaintiff's Second and Third Causes of Action in their entirety with prejudice.

---

[5] Plaintiff concedes that such date limitation was intentional:  "Plaintiff and the Massachusetts Class Action Members contend that Massachusetts Class Action Period does not overlap with the FLSA Collective Action Period."  (ECF No. 30 at 33 n.9.)

**Date:  December 30, 2019**                    Respectfully submitted,

                                                BARBEQUE INTEGRATED, INC.,


                                                By   */s/ Alex Meier*_____
                                                     Alex Meier
                                                     ameier@seyfarth.com
                                                     Florida Bar No. 1011557
                                                     SEYFARTH SHAW LLP
                                                     1075 Peachtree Street, N.E.
                                                     Suite 2500
                                                     Atlanta, Georgia 30309-3958
                                                     Telephone: (404) 885-1500
                                                     Facsimile: (404) 892-7056

                                                     Gerald L. Maatman, Jr.*
                                                     gmaatman@seyfarth.com
                                                     Jennifer A. Riley*
                                                     jriley@seyfarth.com
                                                     Andrew D. Welker*
                                                     awelker@seyfarth.com
                                                     SEYFARTH SHAW LLP
                                                     233 South Wacker Drive, Suite 8000
                                                     Chicago, Illinois 60606
                                                     Telephone: (312) 460-5000
                                                     Facsimile: (312) 460-7000
                                                     *Admitted *pro hac vice*

                                                     *Attorneys For Defendant*

## CERTIFICATE OF SERVICE

I certify that on December 30, 2019, I electronically filed the foregoing Memorandum In

Support Of Defendant's Motion To Dismiss Plaintiffs' Amended Complaint In Part with the

Clerk of Court using the CM/ECF system, which will automatically send electronic notification

of such filing to the following attorneys of record:

**Jay N. Michelman**
Michelman Law Offices
1333 E Columbus Avenue
PO Box 2992
Springfield, MA 01101-2992
413-737-1166
Fax: 413-736-0429
Email: michelmanlaw@hotmail.com
*ATTORNEY TO BE NOTICED*

By  *s/ Alex Meier*
        Attorney for Defendant

60767914v.4