UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-62426-CIV-SINGHAL

BRIGIDA ELLIOTT,

    Plaintiff,

v.

BARBEQUE INTEGRATED, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Plaintiff's Motion for Conditional Class Certification Pursuant to the FLSA ("Motion to Certify Class") (DE [40]). Defendant responded ("Response") (DE [45]) and Plaintiff has submitted a reply memorandum (DE [51]). Additionally, before this Court is Defendant Barbeque Integrated, Inc.'s Motion to Exclude Declarations Submitted by Plaintiff in Support of Her Motion for Conditional Certification (DE [47]). This Court heard very well-presented oral argument from counsel on March 23, 2020. Accordingly, the matter is ripe for review.

### I.    BACKGROUND

Plaintiff Brigida Elliott ("Plaintiff") claims she and other similarly-situated persons are wrongfully classified as exempt employees under the Fair Labor Standards Act ("FLSA") and consequently have not been paid overtime. Plaintiff worked as a salaried Kitchen Manager and Service Manager at two locations of Defendant Barbeque Integrated, Inc's ("Defendant") Smokey Bones restaurants in Massachusetts, United States. Smokey Bones is a casual dining bar and grill that operates sixty-eight restaurant

locations nationwide.  Plaintiff alleges that, at each location, Smokey Bones employs a General Manager who has "discretion to decide—and do[es] decide—what work needs to be completed in their own restaurants, including how the work should be assigned to which employees and how the employees should be compensated for that work."  (Pl.'s Mot. (DE [40-1]), at 10).  Smokey Bones restaurants also employ a Kitchen Manager, Service Manager, and Bar Manager (collectively "Managers"), which perform different jobs and have different duties and responsibilities.

Plaintiff's Amended Complaint (DE [30]) alleges Smokey Bones wrongfully classified the Managers as exempt from overtime even though the work they perform does not meet the level of managerial responsibility required by the FLSA.  In the instant Motion to Certify Class (DE [40]), Plaintiff requests that the Court enter an order conditionally certifying a nationwide class of all Managers who worked at any of the sixty-eight Smokey Bones locations across the country within the three-year statute of limitations (September 30, 2016 through September 30, 2019).  *See also* (Pl.'s Mot. (DE [40-12]), Ex. 11).  Defendant objects to the conditional certification of the proposed class arguing Plaintiff has not provided facts to show Managers across the nation have an interest in joining the class.

## II.     LEGAL STANDARD

A district court has discretion in deciding whether to certify a class under 29 U.S.C. § 216(b).  *Morgan v. Fam. Dollar Stores*, 551 F.3d 1233, 1260 (11th Cir. 2008).  However, this discretion is not unfettered as the court "must apply the proper legal standards for authorizing a § 216(b) collective action and for determining what similarly situated means."  *Id.*  The FLSA allows a plaintiff to bring a collective action on behalf of himself

and other similarly situated employees. *See* 29 U.S.C. § 216(b). To maintain a collective action under the FLSA, therefore, plaintiffs must demonstrate that they are similarly situated. *See Anderson v. Cagle's Inc.*, 488 F.3d 945, 952 (11th Cir. 2007).

The purposes of 29 U.S.C. § 216(b) collective actions are "(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct." *Morgan*, 551 F.3d at 1264–65 (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). A class action brought under the FLSA, unlike a class action pursuant under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), depends on the active participation of those plaintiffs who affirmatively opt-in to the action. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Certification of a class, in the initial stage, "authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees." *Morgan*, 551 F.3d at 1259 (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). The Eleventh Circuit has sanctioned a two-stage approach to manage § 216(b) actions. *Morgan*, 551 F.3d at 1260. The first stage is commonly called the "notice stage" or "conditional certification." *Hipp*, 252 F.3d at 1214. The second stage occurs if the Defendant moves to decertify the class, typically near the end or close of discovery. *Morgan*, 551 F.3d at 1261. The key to starting a collective action, however, "is a showing that there is a similarly situated group of employees." *Morgan*, 551 F.3d at 1259 (citations omitted).

3

At the "conditional certification" stage, a plaintiff has the burden of showing a reasonable basis for their claims and the existence of other similarly situated employees. *Morgan*, 551 F.3d at 1260.  *See e.g.*, *Anderson*, 488 F.3d at 952; *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996).  "The FLSA itself does not define how similar the employees must be before the case may proceed as a collective action."  *Morgan*, 551 F.3d at 1259.  The Eleventh Circuit has described the standard for "similarly situated" as not particularly stringent, fairly lenient, and flexible.  *Hipp*, 252 F.3d at 1214, 1218, 1219.  "Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members."  *Hipp*, 252 F.3d at 1217 (citations omitted).  Nonetheless, there must be more than "only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would come from other stores."  *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983).

## III.  DISCUSSION

Plaintiff argues she meets the low burden for conditional certification.  Specifically, Plaintiff cites to the affidavits of other employees attached to the Motion to Certify (DE [40]).  In Defendant Barbeque Integrated, Inc.'s Motion to Exclude Declarations Submitted by Plaintiff in Support of Her Motion for Conditional Certification (DE [47]), Defendant argues this Court should exclude such declarations because Plaintiff presents testimony and information that Defendant had requested in discovery.

Defendant argues Plaintiff has not established the prerequisites under 29 U.S.C. § 216(b) to conditionally certify a collective action.  Plaintiff argues that the proposed class is similarly situated because they were all subject to the same policies and duties. According to Plaintiff, Smokey Bones is not a franchise and it maintains uniform policies

across each of its sixty-eight restaurants.  As support for this assertion, Plaintiff points to the corporate nationwide job descriptions for Managers.  *See* (Pl.'s Mot. (DE [40-6–9]), Ex. 5–8).  Defendant disagrees and argues while Plaintiff relies on those job descriptions, she admits she performed duties outside of those descriptions and simultaneously fails to make any factual showings that others did the same.  Plaintiff contends that such showing may be made with affidavits of other employees who desire to opt-in, however, the only affidavit Plaintiff provides (other than her own) is of an unverified expert, Randal G. O'Neal, as proof of systemic violations against unnamed similarly situated persons.

This Court concludes that conditional certification of a nationwide class of Managers is not warranted in this case.  While Plaintiff has produced evidence of nationwide Smokey Bones' job descriptions for Managers, Plaintiff fails to indicate such job descriptions required the performance of non-exempt work by exempt employees.  Instead, Plaintiff references just two Smokey Bones locations, in Massachusetts, where she was the employed Manager.  *See Morgan*, 551 F.3d at 1260–61 (citing *Haynes*, 696 F.2d at 887 (finding that there must be more than "only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would come from other stores.").  "Courts in this district have held that the existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation.'"  *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270 (S.D. Fla. 2012) (citation omitted); *see also Izquierdo v. Solar Bear Servs.*, 2017 WL 606347 (S.D. Fla. Feb. 15, 2017).  Here, Plaintiff's argument that Defendant should produce the names and dates of employment is an improper burden shift at this preliminary stage.  *See Morgan*, 551 F.3d at 1260 (holding that plaintiffs bear the burden of demonstrating a

5

"reasonable basis" for a claim of class-wide discrimination.) (citations omitted). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Conditional Class Certification Pursuant to the FLSA (DE [40]) is **DENIED**. Furthermore, the Defendant Barbeque Integrated, Inc.'s Motion to Exclude Declarations Submitted by Plaintiff in Support of Her Motion for Conditional Certification (DE [47]) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of May 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF