UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-62426-CIV-SINGHAL

BRIGIDA ELLIOTT,

    Plaintiff,

v.

BARBEQUE INTEGRATED, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss Plaintiff's Amended Complaint in Part ("Motion to Dismiss") (DE [31]), filed December 30, 2019. *See also* (Def. Memo. (DE [32]), filed Dec. 30, 2019). Plaintiff responded ("Response") (DE [35]) and Defendant has submitted a reply memorandum (DE [37]). This Court heard very well-presented oral argument from counsel on March 23, 2020. The matter is ripe for review.

### I.  BACKGROUND

Plaintiff Brigida Elliott ("Plaintiff") claims she and others similarly-situated are wrongfully classified as exempt employees under the Fair Labor Standards Act ("FLSA") and consequently have not been paid overtime. Plaintiff (and others) work as salaried Kitchen, Service, and Bar Managers ("Managers") at Smokey Bones restaurants in the United States. Plaintiff's Amended Complaint (DE [30]) alleges (1) violation of the FLSA for unpaid overtime (Count I); (2) willful and fraudulent filing of Managers' information returns in violation of 26 U.S.C. § 7434 (Count II); (3) breach of contract and other

violations of Massachusetts common law (Count III); and (4) violation of Massachusetts General Law, Ch. 149, §§ 148 and 150 (the "Massachusetts Wage Act") (Count IV), which requires that employers timely pay all wages earned by their employees.

As her Count III, Plaintiff has alleged four sub-counts: (1) breach of contract; (2) quantum meruit/unjust enrichment; (3) fraud; and (4) aiding and abetting. Plaintiff concedes her claim for aiding and abetting but insists her common law claims (sub-counts I, II, and III of Count III) have been sufficiently pled. Defendant has moved to dismiss Counts II and III for the following reasons: (1) Plaintiff has not and cannot allege facts that support the causes of action she attempts to plead; (2) Plaintiff cannot proceed on equitable theories where she has adequate remedies at law; and (3) Plaintiff cannot assert tort claims for the period 2013 to 2016 because such claims are barred by the applicable statute of limitations.

## II. LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombev v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

**A. Count II: willful and fraudulent filing of Managers' information returns in violation of 26 U.S.C. § 7434**

In Count II, Plaintiff alleges Defendant willfully filed a fraudulent information return due to Defendant's intentional misclassification of Plaintiff as an exempt employee rather than as non-exempt employee eligible for overtime, in violation of 26 U.S.C. § 7434. Defendant argues that Plaintiff fails to state a claim under 26 U.S.C. § 7434, which provides: "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." To state a claim under 26 U.S.C. § 7434, a plaintiff must allege: (1) defendant issued an information return; (2) the information return was fraudulent; and (3) Defendant willfully issued such a fraudulent

return. 26 U.S.C. § 7434; *see also Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297–98 (S.D. Fla. 2014).

With respect to the first element, the parties must concede that the W-2 forms are information returns. With respect to the second element, Plaintiff does not allege that Defendant's reporting to the IRS deviated from the amount it paid Plaintiff, instead, Plaintiff argues Defendant reported an accurate amount that was less than what she believes she was owed. As such, the Court finds Defendant did not report a different amount to the IRS than it paid to Plaintiff. With respect to the third element, Plaintiff has failed to allege sufficient facts to conclude that either Defendant willfully or fraudulently issued false returns. "Willfulness" in the context of 26 U.S.C. § 7434 "connotes a voluntary, intentional violation of a legal duty," thus, a claim for tax fraud requires "intentional wrongdoing." *Switala v. Rosenstiel*, 2017 WL 7792713, at *7 (S.D. Fla. Oct. 3, 2017) (quoting *Leon*, 51 F. Supp. 3d at 1298). "Therefore, at the motion to dismiss stage, 'the complaint must contain specific allegations supporting a plausible inference that [Defendant] willfully filed false information returns.'" *Leon*, 51 F. Supp. 3d 1298 (citations omitted).

## B. Count III: breach of contract and other violations of Massachusetts common law

### 1. Sub-Count I: Breach of Contract

Defendant argues Plaintiff has not adequately alleged breach of contract because there are no allegations of the existence of a formal employment contract between the parties. Plaintiff contends she worked for the Defendant, Defendant paid Plaintiff a salary, and Defendant's failure to pay Plaintiff at the regular hourly rate for hours worked in

excess of forty hours a week constitutes a breach of contract. "In Massachusetts, 'where an employer calls special attention to' a personnel policy and an employee continues his at-will employment, that policy can 'form the basis of an implied contract.'" *Freitas v. Comcast Cable Communs. Mgmt. LLC*, 2020 WL 1495884, at *5 (D. Mass. Mar. 27, 2020) (quoting *Weber v. Cmty. Teamwork, Inc.*, 434 Mass. 761, 781 (Mass. 2001)). As such, Plaintiff correctly contends it is unnecessary to have a formal employment contract because an "at-will employment" encompasses an agreement under Massachusetts law; however, Plaintiff has to provide more than the existence of employment. "Courts often look to an employee's affirmative actions, such as signing a handbook or clicking 'I accept' on an online form, to conclude that the employee assented to the terms of an arbitration agreement under Massachusetts law." *Id.* Plaintiff's reliance on the position description is insufficient because Plaintiff has not alleged Defendant breached a contract which required Defendant to pay her more than her salary. *See Vieira v. First Am. Title Ins. Co.*, 668 F. Supp. 2d 282, 288 (D. Mass. 2009) ("It is not enough to allege, in a conclusory fashion, that the facts demonstrate a breach of contract.") (citation omitted).

### 2. Sub-Count II: Quantum Meruit/Unjust Enrichment

Plaintiff claims she has plausibly alleged that Defendant had a reasonable expectation to compensate Plaintiff for hours worked in excess of forty hours per week and Defendant's failure to do so results in Defendant being unjustly enriched. Defendant disagrees that Plaintiff has stated sufficient facts to establish an equitable claim and argues Plaintiff cannot proceed when there is an adequate remedy at law. *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 233–34 (1st Cir. 2005) (noting that unjust enrichment serves only as an "equitable stopgap for occasional inadequacies

in contractual remedies at law"). Plaintiff concedes that damages she seeks in this equitable relief claim are the same damages she seeks in Count I for violation of FLSA, however, Plaintiff contends she is permitted to seek the same damages because they are for two separate time periods.

### 3. Sub-Count III: Fraud

To prove fraud under Massachusetts law, a plaintiff must show that "the defendant 'made a false representation of material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff reasonably relied upon the representation as true and acted upon it to his damage.'" *Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed. Appx. 6, 15 (1st Cir. 2011) (citing *Taylor v. Am. Chemistry Council*, 576 F.3d 16, 31 (1st Cir. 2009)). Defendant argues Plaintiff has failed to state a claim for common law fraud because Plaintiff failed to file factual support for alleged fraudulent returns. Plaintiff disagrees and asserts that Defendant became aware of the misclassification in 2018 yet continued to improperly file returns for Plaintiff. Further, Plaintiff argues that at this stage of the proceeding, a party is entitled to raise a right to relief on a speculative level.

### 4. Sub-Count IV: Aiding and Abetting

Defendants argue Plaintiff fails to plead the basic elements of aiding and abetting. Plaintiff concedes this sub-count of Count III. The Court will, therefore, dismiss the claim for aiding and abetting with prejudice.

### IV. <u>ANALYSIS</u>

The Court need not reach the merits of sub-counts II or III of Plaintiff's Count III claims because Defendant's statute of limitations position is dispositive. Affirmative defenses, such as a statute of limitations defense, may be raised in a motion to dismiss

an action for failure to state a claim. *See LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998). However, Federal Rule of Civil Procedure 12(b)(6) requires that "the grounds for dismissal must be clear on the face of the pleadings alone." *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 592 (1st Cir. 1989). Moreover, "review of the complaint, together with any other documents appropriately considered under Fed. R. Civ. P. 12(b)(6), must 'leave no doubt' that the plaintiff's action is barred by the asserted defense." *Blackstone Realty LLC v. Fed. Deposit Ins. Corp.*, 244 F.3d 193, 197 (1st Cir. 2001) (quoting *LaChapelle*, 142 F.3d at 508).

Defendant argues Plaintiff's tort claims are barred by the statute of limitations, because claims for common law fraud and unjust enrichment fall under a three-year statute of limitations under Massachusetts law. Plaintiff does not dispute the claims for common law fraud and unjust enrichment are untimely, instead, Plaintiff argues she should be permitted to proceed under the equitable tolling doctrine: the discovery rule. The discovery rule, "which operates to toll a limitations period until a prospective plaintiff learns or should have learned that he has been injured," stalls the running of the limitations period in three circumstances: "[1] where a misrepresentation concerns a fact that was inherently unknowable to an injured party; [2] where a wrongdoer breached some duty of disclosure; or [3] where a wrongdoer concealed the cause of action through some affirmative act done to deceive.'" *Patsos v. First Albany Corp.*, 433 Mass. 323, 328 (2001). Under the "inherently unknowable" standard, the statute of limitations begins when the plaintiff knows or should know that she has suffered harm. *Id.*; *see also Albrecht v. Clifford*, 436 Mass. 706, 714–15 (2002). Defendant argues Plaintiff failed to allege a factual basis that her claims were unknowable to her at the time of the injury. This Court

7

agrees. Furthermore, there is nothing "inherently unknowable" about the information returns, the salary paid, or the work performed.

This Court finds the Amended Complaint (DE [30]) suffers from pleading deficiencies, which are amplified by the heightened pleading requirement of particularity necessary to state the claims. *See* Fed. R. Civ. P. 9(b). Moreover, this Court agrees with Defendant's position that the tort claims are time-barred. *See* Mass. Gen. Laws ch. 260 § 2A (stating three-year statute of limitations for tort actions). The Court will, therefore, dismiss the claims. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss Plaintiff's Amended Complaint in Part (DE [31]) is **GRANTED**. Plaintiff's claims for willful and fraudulent filing of Managers' information returns in violation of 26 U.S.C. § 7434 (Count II) and breach of contract and other violations of Massachusetts common law (Count III) are **DISMISSED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of May 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF