**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

BRIGIDA ELLIOTT, individually and on
behalf of all other persons similarly situated,

    Plaintiff,

  v.

BARBEQUE INTEGRATED, INC.,

    Defendant.

Case No. 0:19-CV-62426-RS

Judge Rodney Smith

Magistrate Judge Alicia O. Valle

**DEFENDANT'S ANSWER TO PLAINTIFF'S**
**AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendant Barbeque Integrated, Inc. ("Smokey Bones" or "Defendant"), through its

attorneys, hereby submits its Answer to Plaintiff Brigida Elliott's Amended Collective And Class

Action Complaint (the "Complaint").

**NATURE OF THE ACTION**

**COMPLAINT ¶1:**

Plaintiff, and all similarly situated, seek to bring a collective action pursuant to 29 U.S.C.
§ 216(b), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29
U.S.C. §§ 201, *et seq.*

**ANSWER:**

Defendant admits that Plaintiff purports to seek to bring a collective action under the

FLSA.  Defendant denies that a collective action in appropriate, denies that it violated the FLSA,

and denies that Plaintiff is entitled to any relief whatsoever.  Defendant denies any remaining

allegations in Paragraph 1 of the Complaint.

**COMPLAINT ¶2:**

Plaintiff, and all similarly situated, seek to bring a class action pursuant to the Fed. R.
Civ. P. 23 ("Rule 23"), seeking all available relief under 26 U.S.C. § 7434.

**ANSWER:**

Defendant admits that Plaintiff purports to seek to bring a class action pursuant to Rule

23.  Defendant denies that a class action is appropriate, denies that Plaintiff is entitled to any

relief whatsoever, and denies any remaining allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

Plaintiff, and all similarly situated, seek to bring a state-wide Massachusetts Class Action
pursuant to the to the Fed. R. Civ. P. 23 for violations of Massachusetts contract and common
law.

**ANSWER:**

Defendant admits that Plaintiff purports to seek to bring a state-wide Massachusetts Class

Action for alleged violations of Massachusetts contract and common law.  Defendant denies that

a class action is appropriate, denies that it violated Massachusetts contract or common law, and

denies that Plaintiff is entitled to any relief whatsoever.  Defendant denies any remaining

allegations in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

Plaintiff, individually, seeks all available relief under the Massachusetts Minimum Wage
Act ("Wage Act"), specifically Massachusetts General Laws ("M.G.L.") ch. 149, §§ 148, 150.

**ANSWER:**

Defendant admits that Plaintiff purports to seek all available relief under the

Massachusetts Minimum Wage Act.  Defendant denies that Plaintiff is entitled to any relief

whatsoever and denies any remaining allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

Plaintiff's FLSA Collective Action alleges on behalf of her and all current and former
employees who work, or have worked, at any Smokey Bones restaurant, nationwide, as KSBMs
and other employees holding comparable positions with different titles employed by Defendant
in the United States and who elect to opt into this action pursuant to the FLSA (hereinafter the
" FLSA Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime
wages for hours worked in excess of forty in a workweek, as required by law, and (ii) liquidated

damages pursuant to the FLSA, 29 U.S.C.§ 201, *et seq*., for hours worked between September 30, 2016, and the date of filing in this action (the "FLSA Collective Action Period ").

**ANSWER:**

Defendant denies the allegations contained in Paragraph 5 of the Complaint.

### COMPLAINT ¶6:

Plaintiff's § 7434 Class Action alleges on behalf of her and all current and former employees who work, or have worked, at any Smokey Bones restaurant, nationwide as KSBMs and other employees holding comparable positions with different titles employed by Defendant in the United States and who elect to opt out of this action under Rule 23, for violations of 26 U.S.C. § 7434. (hereinafter the "§ 7434 Class" or "§ 7434 Class Action Members"), that they are entitled to *inter alia*: (i) an amount equal to the greater of $5,000 or the sum of any actual damages sustained, as required by 26 U.S.C. § 7434(b), commencing six years from the filing of this action ("§ 7434 Class Action Period").

**ANSWER:**

Defendant denies the allegations contained in Paragraph 6 of the Complaint.

### COMPLAINT ¶7:

Plaintiff's Massachusetts Class Action alleges on behalf of her and all current and former employees who work, or have worked, at any Smokey Bones restaurant in the Commonwealth of Massachusetts, as KSBMs and other employees holding comparable positions with different titles employed by Defendant in Massachusetts, and who elect to opt out of this action under Rule 23, for violations of Massachusetts common law (hereinafter the "Massachusetts Class", or "Massachusetts Class Action Members"), that they are entitled to *inter alia*: (i) unpaid regular wages for hours worked in excess of forty in a workweek, as required by their employment contract with Defendant, for hours worked beginning six years from the date of filing of this action, September 30, 2013 through September 29, 2016, approximately one hundred fifty-six (156) week period (the "Massachusetts Class Action Period").

**ANSWER:**

Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

### COMPLAINT ¶8:

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, § 1337, and §1340.

**ANSWER:**

The allegations in Paragraph 8 state legal conclusions to which no answer is required.

**COMPLAINT ¶9:**

This Court has diversity jurisdiction under 18 U.S.C. § 1331 and § 1337.

**ANSWER:**

The allegations in Paragraph 9 state legal conclusions to which no answer is required.

**COMPLAINT ¶10:**

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332 and § 1367.

**ANSWER:**

The allegations in Paragraph 10 state legal conclusions to which no answer is required.

**COMPLAINT ¶11:**

This Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

The allegations in Paragraph 11 state legal conclusions to which no answer is required.

**COMPLAINT ¶12:**

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).  Venue is proper because: Defendant Barbeque Integrated, Inc., has its principal place of business in Aventura, Florida.

**ANSWER:**

The first sentence of Paragraph 12 of the Complaint states a legal conclusion to which no answer is required.  Defendant admits the second sentence of Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Upon information and belief, at least one member of each of the proposed classes is a citizen of a state different from that of Defendant.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Upon information and belief, citizenship of the members of the proposed classes is dispersed among a substantial number of states.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Upon information and belief, there are more than 100 members of the proposed classes in the aggregate.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

Upon information and belief, Defendant regularly conducts business in this District.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $30,000,000.00, exclusive of interest and costs.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

Upon information and belief, in April of 2015, Plaintiff was hired as a Service Manager and was paid a weekly salary of approximately $1,115.38.

**ANSWER:**

Defendant admits that Plaintiff was hired as a Service Manager in or around April 2015.

Defendant denies the remaining allegations set forth in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

Upon information and belief, in October of 2016, Plaintiff was promoted to Kitchen Manager and was paid a weekly salary of approximately $1,211.54.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

**ANSWER:**

The allegations in Paragraph 20 state legal conclusions to which no answer is required.

## THE PARTIES

**COMPLAINT ¶21:**

Plaintiff is an adult individual who is a resident of Nashua, New Hampshire.

**ANSWER:**

Defendant admits that Plaintiff is an adult individual who purports to be a resident of

Nashua, New Hampshire.  Defendant denies any remaining allegations in Paragraph 21 of the

Complaint.

**COMPLAINT ¶22:**

Plaintiff was employed by Smokey Bones Bar & Fire Grill, from approximately 2004-2013, and later as a Service and Kitchen Manager for an uninterrupted period from April 2015 - June 2018.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

Upon information and belief, Plaintiff signed an employment contract in April of 2015, as a condition to her employment with Defendant, she was hired as a salaried Service Manager earning approximately $58,000.00 per year.

**ANSWER:**

Defendant admits that Plaintiff was hired as a salaried Service Manager in April 2015.

Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Plaintiff was employed by Defendant at the Smokey Bones Bar & Fire Grill, and from April 2015 through her resignation in June 2018.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Plaintiff worked at both the Tyngsboro, MA and Peabody, MA locations.

**ANSWER:**

Defendant admits that Plaintiff worked in Tyngsboro, MA and Peabody, MA.  Defendant

denies any remaining allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Plaintiff regularly worked in excess of 40 hours per week, and frequently worked approximately 65 hours per week, without being paid overtime.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

Plaintiff is a covered employee within the meaning of the FLSA and Wage Act.

**ANSWER:**

The allegations in Paragraph 27 state legal conclusions to which no answer is required.

**COMPLAINT ¶28:**

The written Consent to Sue form for Plaintiff is filed herewith as Exhibit "A".

**ANSWER:**

Defendant admits that Plaintiff filed Exhibit A to the Complaint and that Plaintiff

purports that Exhibit A is a written Consent to Sue form for Plaintiff.  Defendant denies any

remaining allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Defendant Barbeque Integrated, Inc., is a wholly owned subsidiary of Sun Capital
Partners, Inc.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

Defendant Barbeque Integrated, Inc., is a Delaware corporation with its principal place of
business in Aventura, Florida.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

At all times relevant herein, Defendant has employed Plaintiff and has been an employer
within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)), and Massachusetts law.

**ANSWER:**

Defendant admits that it has employed Plaintiff.  The remaining allegations in Paragraph

31 state legal conclusions to which no answer is required.

**COMPLAINT ¶32:**

At all times relevant herein, Defendant has been an enterprise within the meaning of
Section 3(r) of the FLSA (29 U.S.C. § 203(r)), and Massachusetts law.

**ANSWER:**

The allegations in Paragraph 32 state legal conclusions to which no answer is required.

**COMPLAINT ¶33:**

At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, and Massachusetts law, as Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person. Furthermore, Defendant has a gross volume of sales in an amount of at least $500,000.

**ANSWER:**

The allegations in Paragraph 33 state legal conclusions to which no answer is required.

**COMPLAINT ¶34:**

At all times relevant herein, Plaintiff and all similarly situated employees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207, and Massachusetts law.

**ANSWER:**

The allegations in Paragraph 34 state legal conclusions to which no answer is required.

**COMPLAINT ¶35:**

Defendant permitted or directed the work of Plaintiff and similarly situated employees, and Defendant benefited from work performed by Plaintiff and similarly situated employees.

**ANSWER:**

Defendant admits that it permitted or directed work performed by Plaintiff and benefitted

from work performed by Plaintiff. Defendant denies the remaining allegations contained in

Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

Defendant applies the same employment policies, practices, and procedures to all similarly situated KSBMs.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek, constituting wage theft.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶38:**

Smokey Bones is a casual dining bar and grill.  Since 2007, Smokey Bones has been a wholly owned subsidiary of Sun Capital Partners, Inc. Smokey Bones owns and operates an estimated 66 restaurant locations across the United States.  Smokey Bones employs a general manager at each location who is ultimately responsible for each restaurant, including managing restaurant operations, making staffing decisions, and setting compensation.  Since 2015 Smokey Bones has employed approximately more than 100 General Managers at its 66 restaurant locations who, in turn, have worked with various Service Managers, Bar Managers, Kitchen Managers, and more than 6,500 tipped employees.

**ANSWER:**

Defendant admits that Smokey Bones is a casual dining bar and grill.  Defendant admits that it employs a general manager at each location who is ultimately responsible for each restaurant, including managing restaurant operations, making staffing decisions, and setting compensation.  Defendant admits that since 2015 it has employed more than 100 General Managers at its restaurant locations who have worked with various Service Managers, Bar Managers, Kitchen Managers, and tipped employees.  Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Upon information and belief, each Smokey Bones location has one General Manager, a Kitchen Manager, a Service Manager, a Bar Manager, and other hourly positions such as servers, bartenders, and line cooks.  General Managers and KSBMs are salaried employees.

**ANSWER:**

Defendant admits that it employs individuals in the roles of General Manager, Kitchen Manager, Service Manager, Bar Manager, server, bartender, and line cook.  Defendant admits that it pays certain individuals employed as General Manager, Kitchen Manager, Service Manager, and Bar Manager on a salaried basis.  Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

Defendant employed Plaintiff and the FLSA, § 7434, and Massachusetts Class Action Members (hereinafter referred to as the "Collective and Class Action Members") as KSBMs.

**ANSWER:**

Defendant admits that it employed Plaintiff as a Kitchen Manager and Service Manager. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

Defendant maintained control, oversight, and discretion over the operation of their restaurants, including their employment practices with respect to Plaintiff and the Collective and Class Action Members.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

**COMPLAINT ¶42:**

Plaintiff and the Collective and Class Action Members performed work as KSBMs that was integrated into the normal course of Defendant's business.

**ANSWER:**

Defendant admits that Plaintiff was employed as a Kitchen Manager and Service Manager and that she performed office and non-manual work directly related to the management of Defendant's enterprise or a customarily recognized department or subdivision of its enterprise and its general business operations.  Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

Consistent with Defendant's centralized, company-wide policy, pattern and/or practice, that was authorized, established, promulgated, and/or ratified by its corporate office in Aventura, Florida, Defendant classified Plaintiff and the Collective and Class Action Members as exempt from the overtime protections of the FLSA and Wage Act.

**ANSWER:**

Defendant admits that Plaintiff was exempt from the overtime requirements of the FLSA

and the Wage Act.  Defendant denies the remaining allegations in Paragraph 43 of the

Complaint.

**COMPLAINT ¶44:**

Defendant's classification determination did not vary depending on location where KSBMs worked.

**ANSWER:**

Defendant admits that Plaintiff was classified as an exempt employee at both Smokey

Bones locations she was employed.  Defendant denies the remaining allegations in Paragraph 44

of the Complaint.

**COMPLAINT ¶45:**

Defendant did not perform a person-by-person analysis of Plaintiff and the Collective and Class Action Members when making the decision to classify all KSBMs as exempt administrative employees under the FLSA, Massachusetts common law, or the Wage Act.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

Plaintiff and Collective and Class Action Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA and Massachusetts law.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

Upon information and belief, Plaintiff and the Collective and Class Action Members worked approximately 65 hours per week.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

The number of shifts that Plaintiff and each individual Collective and Class Action Members worked per week can be ascertained from Defendant's records.

**ANSWER:**

Defendant admits that the number of shifts that Plaintiff worked each week during her

employment can be ascertained from its records.  Defendant denies the remaining allegations in

Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

Upon information and belief, Defendant failed to keep accurate records of the hours that Plaintiff and the Collective and Class Action Members worked.

**ANSWER:**

Defendant denies the remaining allegations in Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

Defendant assigned and is aware of all the work that Plaintiff and the Collective and Class Action Members have performed.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

The work performed for Defendant by Plaintiff and the Collective and Class Action Members required little skill and no capital investment, nor did said work include the exercise of meaningful independent judgment and discretion.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

During all of the Collective and Class Action Periods, Plaintiff and the Collective and Class Action Members performed the same primary non-exempt job duties, such as prepping ingredients, answering customer phone calls, organizing inventory, plating, moving and setting tables, and working as line cooks.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

**COMPLAINT ¶53:**

The performance of manual labor duties occupied the majority of Plaintiff's and the Collective and Class Action Member's working hours.  For the majority of their approximately 65 hours of work per week, Plaintiff and the Collective Class Action Members were engaged in the same hourly work as non-exempt employees.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

**COMPLAINT ¶54:**

Plaintiff and the Collective and Class Action Members potentially exempt duties, such as doing paperwork and participating in the interviewing process, took up a substantially smaller portion of their time at the restaurant.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

Upon information and belief, when Plaintiff and the Collective and Class Action Members were required to perform duties that could be deemed Managerial, such as making schedules, these duties were strictly supervised by the General Manager, Plaintiff and the Collective and Class Action Members were constrained by Smokey Bones' operating program and guidelines.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

During the Collective and Class Action Periods, Plaintiff and all Collective and Class Action Members primary duties were not directly related to Defendant's management or general business operations.  The most important duty for Plaintiff while she worked as a Service and

Kitchen Manager was filling in for and performing the non-exempt duties of hourly employees, so that Defendant could keep low labor levels for those employees.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

**COMPLAINT ¶57:**

Upon information and belief, Plaintiff and the Collective and Class Action Members were required to meet eleven percent (11%) labor budgets for the week.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

Upon information and belief, Smokey Bones enforced the low labor budgets through either its District Managers, or Director of Operations; who were at all times directly employed by the Smokey Bones corporate office; and at all times maintained oversight over a defined geographical region of Smokey Bones restaurants. The District Managers or Director of Operations were required by the Smokey Bones corporate office to enforce this policy, and would then pressure the Plaintiff and the Collective and Class Action Members to meet this extremely unrealistic labor budget.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

Upon information and belief, eleven percent (11%) is an extremely low level for labor costs in the service industry.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

**COMPLAINT ¶60:**

Upon information and belief, the corporate office also required KSBMs at all locations to ensure food cost variance was less than 0.8%; an extremely low level for food cost variance in the service industry.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

**COMPLAINT ¶61:**

During the Collective and Class Action Periods, Plaintiff and the Collective and Class Action Members primary duties did not include the exercise of discretion or independent judgment regarding matters of significance.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

**COMPLAINT ¶62:**

All the work that Plaintiff and the Collective and Class Action Members have performed has been assigned by Defendant, and/or Defendant has been aware of the work that Plaintiff and the Collective Class Action Members have performed.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

During the Collective and Class Action Periods, the primary job duties of Plaintiff and the Collective Class Action Members did not include firing, disciplining, or directing the work of other employees, or exercising meaningful independent judgment or discretion.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

**COMPLAINT ¶64:**

Upon information and belief, the primary job duties of Plaintiff and the Collective Class Action Members did not materially differ from the duties of Defendant's non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature.  The performance of manual labor and non-exempt duties occupied the majority of Plaintiff and the Collective Class Action Members' working hours.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

**COMPLAINT ¶65:**

Upon information and belief, Plaintiff spent more than 50% of her time performing non-exempt tasks, this percentage increased on days when Plaintiff was required to fill in for hourly employees who were absent or unavailable.  This was a common practice implemented by

Defendant to meet eleven percent (11%) labor costs.  This practice was common for all similarly situated KSBMs, as they were required to meet eleven percent (11%) labor costs.[1]

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

**COMPLAINT ¶66:**

Upon information and belief, Plaintiff and the Collective and Class Action Members were required to work 65 hours per week, causing extreme stress upon KSBMs trying to balance budget requirements, and led KSBMs to an overall unpleasant work-life balance.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

**COMPLAINT ¶67:**

Defendant did not provide enough resources in the labor budgets for non-exempt employees to complete all the non-exempt tasks in each restaurant.  Defendant knew, or recklessly disregarded, the fact that failing to provide sufficient resources in restaurant labor budgets resulted in Plaintiff and Collective and Class Action Members (who were not paid overtime) working more than 40 hours in a work week, and primarily performing manual and non-exempt duties during their workweeks, without receiving overtime compensation.  This allowed Defendant to avoid paying additional wages (including overtime) to the nonexempt restaurant-level employees.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

**COMPLAINT ¶68:**

Upon information and belief, the Smokey Bones corporate office did not specify how the Plaintiff and the Collective and Class Action Members should reach eleven percent (11%) labor; their only orders were that KSBMs were required to meet the target level.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

---

[1] "Typically, labor cost percentages average 20 to 35 percent of gross sales. Appropriate percentages vary by industry, [a] service business might have an employee percentage of 50 percent or more, but a manufacturer will usually need to keep the figure under 30 percent" *Adkins, W. (2019). How to Calculate the Employee Labor Percentage. [online] Available at:  https://smallbusiness.chron.com/calculate-employee-labor-percentage-15980.html [Accessed 6  Sep. 2019]*.

**COMPLAINT ¶69:**

Because of the low labor budget requirement of eleven percent (11%), Plaintiff and the Collective and Class Action Members were regularly required by Defendant to finish preparation work that had not been finished by hourly employees, and/ or cook and or fry in place of hourly employees.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

Upon Information and belief, Plaintiff and Collective and Class Action Members would regularly fill in for hourly employees if an hourly employee called out of work.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

**COMPLAINT ¶71:**

Upon information and belief, Plaintiff and the Collective and Class Action Members would regularly send production cooks and other non-exempt employees, who were hourly employees, home early in order to meet labor budgets.  Plaintiff and the Collective and Class Action Members would regularly clock non-exempt workers out before their shifts ended in order to meet the eleven percent (11%) labor level required.  As a result, Plaintiff and the Collective and Class Action Members regularly would step into production cooks' roles. Plaintiff and the Collective and Class Action Members were then responsible for performing the job duties of the hourly worker that were clocked out.  Plaintiff and the Collective and Class Action Members were expected to regularly close the kitchen by themselves.  This policy was encouraged by upper level management.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

**COMPLAINT ¶72:**

Upon information and belief, all work was completed at the behest of, and according to, policies set by Smokey Bones, the District Manager or the Director of Operations, and General Manager, who oversaw the work performed.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 72 of the Complaint.

**COMPLAINT ¶73:**

Plaintiff and the Collective and Class Action Members did not have the discretion to determine when to perform certain duties yet were required to complete said duties because of Defendant's expectations.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 73 of the Complaint.

**COMPLAINT ¶74:**

Upon information and belief, Plaintiff was hired as a salaried Service Manager in April of 2015, at a weekly salary of $1,115.38.

**ANSWER:**

Defendant admits that Plaintiff was hired as a salaried Service Manager in April 2015.

Defendant denies the remaining allegations in Paragraph 74 of the Complaint.

**COMPLAINT ¶75:**

Upon information and belief, in October of 2016, Plaintiff was unofficially promoted to the Kitchen Manager position at the Peabody location when she was transferred from the Tyngsboro location, and was paid a weekly salary of approximately $1,211.54.

**ANSWER:**

Defendant denies the allegations in Paragraph 75 of the Complaint.

**COMPLAINT ¶76:**

Upon personal knowledge, Plaintiff worked on average 65 hours per week.  Based upon a 65-hour work week, Plaintiff's regular rate of pay was approximately $18.64 per hour.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

**COMPLAINT ¶77:**

Upon information and belief, other hourly non-exempt employees at Smokey Bones, such as line cooks, were paid a similar regular rate of pay of approximately $16-18 an hour and were also eligible for overtime compensation at a rate of time and one-half of the regular rate of pay due, for approximately $24-27 per hour.

**ANSWER:**

Defendant admits that hourly non-exempt employees were eligible for overtime

compensation at a rate of time and one-half of their regular rate of pay.  Defendant denies the

remaining allegations in Paragraph 77 of the Complaint.

**COMPLAINT ¶78:**

Upon information and belief, Defendant acted willfully and knew, by virtue of the fact
that their General Managers (as their authorized agents) actually saw Plaintiff and other similarly
situated KSBMs regularly performed primarily manual labor and non-exempt duties, which was
the result of the underfunded labor budgets.  The underfunded labor budgets limited the amount
of money available to pay non-exempt employees to perform such work.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

**COMPLAINT ¶79:**

Upon information and belief, Defendant knew that Plaintiff and other similarly situated
employees were performing the work of non-exempt employees, based on their actual job duties
which differed greatly from their job descriptions, Plaintiff and similarly situated employees did
not fall under any exemptions under the FLSA and Massachusetts law.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

**COMPLAINT ¶80:**

As an experienced and practical business operating an estimated 66 restaurants
throughout the country, Defendant knew, or recklessly disregarded, the fact that by underfunding
the labor budgets for restaurant locations, Plaintiff and other similarly situated employees were
primarily performing non-exempt duties and not performing activities that would suffice to make
their actual job duties comply with any overtime exemption under the FLSA or Massachusetts
law.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 80 of the Complaint.

**COMPLAINT ¶81:**

Defendant's unlawful conduct, as described above, was willful, or in reckless disregard,
of the applicable wage and hour laws pursuant to Defendant's centralized, company- wide

policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA and the overtime law of Massachusetts.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

**COMPLAINT ¶82:**

As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a policy, pattern and practice of violating the FLSA and Massachusetts law with respect to Plaintiff and the Collective Class Action Members and all other similarly situated KSBMs.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

**COMPLAINT ¶83:**

This policy, pattern and practice includes, but it is not limited to, Defendant's knowledge of its obligations under the FLSA and Massachusetts law, and the nature of work that Plaintiff and the Collective and Class Action Members were and still are performing.  As a result, Defendant has:

      a.      willfully misclassified Plaintiff and the Collective and Class Action Members as exempt from the overtime requirements of the FLSA and Massachusetts law;

      b.      willfully failed to pay Plaintiff and the Collective and Class Action Members overtime wages for hours they worked in excess of 40 hours per week; and

      c.      willfully failed to provide enough money in their restaurant-level labor budgets for Defendant's non-exempt employees to perform their duties and responsibilities, thereby essentially forcing Defendant's KSBMs to perform such non-exempt tasks & fill in for hourly employees.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

**COMPLAINT ¶84:**

Upon personal knowledge, Defendant's willful violations of the FLSA and Massachusetts law are further demonstrated by the fact that throughout the Collective and Class Action Periods, and continuing to the present, Defendant has failed to maintain accurate and sufficient time records for Plaintiff and Collective Class Action Members.  Defendant acted recklessly or in willful disregard of the FLSA and Massachusetts law by instituting a policy and/or practice that did not allow Plaintiff and the Collective and Class Action Members to record all hours worked.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

**COMPLAINT ¶85:**

Due to the foregoing, Defendant's failure to pay wages for work performed by Plaintiff and the Collective and Class Action Members in excess of 40 hours per work week was willful and has been widespread, repeated and consistent.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 85 of the Complaint.

**COMPLAINT ¶86:**

Upon information belief, Defendant knowingly and willingly improperly classified and/or failed to amend policies to comply with the law, to the extent that the Collective and Class Action Members were exempt from the overtime requirements of the FLSA, the Wage Act, and Massachusetts common law.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

**COMPLAINT ¶87:**

Upon information and belief, Plaintiff and the Collective and Class Action Members allege that Smokey Bones has a history of violating the FLSA.[2]

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

**COMPLAINT ¶88:**

Upon information and belief, Defendant became aware of the KSBMs violations during the auditing process of their prior FLSA lawsuit.  Defendant discovered during their litigation in *Hart v. Barbeque Integrated, Inc.,* that the Defendant remained liable for all overtime violations pertaining to KSBMs, as they were and still are currently misclassified.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

---

[2] In Hart v. Barbeque Integrated, Inc., an hourly restaurant employee alleged that, Smokey Bones took advantage of the FLSA's tip credit provision. *Hart v. Barbeque Integrated, Inc., 299  F. Supp. 3d 762, 771 (D.S.C. 2017)*

**COMPLAINT ¶89:**

Upon information and belief, arbitration agreements were issued by the Defendant in their employment contracts, around the timeframe of Defendant's settlement in Hart, around the Fall of 2018.  The arbitration agreements were required to be signed by newly employed KSBMs and those KSBMs who were currently working for the Defendant at that time.  The KSBMs were all required to sign the arbitration agreements as a condition of keeping their employment.

**ANSWER:**

Defendant admits that, on or around January 30, 2019, Defendant began requiring each

employee, including each Kitchen Manager, Service Manager, and Bar Manager, to sign an

arbitration agreement as a condition of employment.  Defendant denies the remaining allegations

in Paragraph 89 of the Complaint.

**COMPLAINT ¶90:**

Upon information and belief, Plaintiff and the Collective and Class Action Members allege that the arbitration agreements issued by the Defendant were done in bad faith and are voided by Massachusetts contract law or any other applicable state's contract laws.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

**COMPLAINT ¶91:**

Upon information and belief, Defendant, specifically: Ryan J. Esko, the former CEO ("Esko") of Smokey Bones until January of 2019, and Nicole Milnthorpe the CFO ("Milnthorpe") of Smokey Bones, are both currently aware, or have been previously made aware, that all KSBMs nationwide are being willfully misclassified, and Defendant is therefore intentionally violating Federal and Massachusetts state laws by failing to correctly classify all KSBM as non-exempt employees.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

**COMPLAINT ¶92:**

Upon information and belief, the Esko and Milnthorpe both have first-hand knowledge of the current and past misclassifications of all KSBM, and have knowingly and willfully aided and abetted Smokey Bones violations of the FLSA, 26 U.S.C. § 7434, the Wage Act, and relevant Massachusetts contract and common laws.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 92 of the Complaint.

**COMPLAINT ¶93:**

Upon information and belief, Esko and Milnthorpe were made aware of the misclassification of all KSBMs prior the Fall of 2018, or became fully aware of Defendant's illegal practices around the Fall of 2018 during the course of their litigation in *Hart,* and yet still decided against compensating current and former employees and correcting policies to comply with the law, all in an attempt to reduce Defendant's liability and to defraud their current and former KSBMs.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 93 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶94:**

Plaintiff, on behalf of herself and all FLSA Collective Action Members, re-allege and incorporate by reference paragraphs 1 through 93, as if they were set forth again herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1 through 93 as if fully stated herein.

Defendant denies the remaining allegations in Paragraph 93 of the complaint.

**COMPLAINT ¶95:**

Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are, or were formerly, employed by Defendant as KSBMs during the FLSA Collective Action Period, and who worked more than forty (40) hours a week for Defendant in the United States.

**ANSWER:**

Defendant admits that Plaintiff purported to seek to bring a collective action under the

FLSA.  Defendant denies that a collective action in appropriate and denies any remaining

allegations in Paragraph 95 of the Complaint.

**COMPLAINT ¶96:**

Defendant is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and other similarly situated employees.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 96 of the Complaint.

**COMPLAINT ¶97:**

Upon information and belief, there are at least a few hundred similarly situated current and former KSBMs who have not been paid premium overtime wages in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join.  Thus, notice should be sent to the FLSA Collective Action Members pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 97  of the Complaint.

**COMPLAINT ¶98:**

The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 98 of the Complaint.

**COMPLAINT ¶99:**

Attached hereto as Exhibit "C", are Smokey Bones Bar Managers, Kitchen Managers, and Service Managers "reviews" from the workplace review websites, "Indeed.com" and "Glassdoor.com", by former KSBMs, which further support Plaintiff and the Collective and Class Action Members' position that the primary duty of KSBMs was not management, and that due to extremely low labor budgets, Plaintiff and the Collective and Class Action Member's primary duty was filling in for hourly employees that were sent home in order to meet labor budgets.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

Plaintiff's allegation that Exhibit C contains "Smokey Bones Bar Managers, Kitchen Managers,

and Service Managers 'reviews' from workplace review websites."  Defendant denies the

remaining allegations in Paragraph 99 of the Complaint.

**FIRST CAUSE OF ACTION:**
**(FAIR LABOR STANDARDS ACT: UNPAID OVERTIME**
**WAGES)**
**(Brought on Behalf of Plaintiff and All FLSA Collective Action**
**Members)**

**COMPLAINT ¶100:**

Plaintiff, on behalf of herself and all FLSA Collective Action Members, re-allege and incorporate by reference paragraphs 1 through 99, as if they were set forth again herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1 through 99 as if fully stated herein.

Defendant denies the remaining allegations in Paragraph 100 of the complaint.

**COMPLAINT ¶101:**

At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER:**

The allegations in Paragraph 101 state legal conclusions to which no answer is required.

**COMPLAINT ¶102:**

At all relevant times, Defendant employed Plaintiff, and employed or continue to employ, each of the FLSA Collective Action Members within the meaning of the FLSA.

**ANSWER:**

The allegations in Paragraph 102 state legal conclusions to which no answer is required.

**COMPLAINT ¶103:**

Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 103 of the Complaint.

**COMPLAINT ¶104:**

The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to Defendant.

**ANSWER:**

The allegations in Paragraph 104 state legal conclusions to which no answer is required.

**COMPLAINT ¶105:**

At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay premium overtime compensation to their KSBMs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per work week.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 105 of the Complaint.

**COMPLAINT ¶106:**

As a result of Defendant's' willful failure to compensate its employees, including Plaintiff and the FLSA Collective Action Members, at a rate not less than time and one-half of the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendant has violated and, continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 106 of the Complaint.

**COMPLAINT ¶107:**

As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective Action Members, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29U.S.C. § 201, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 107 of the Complaint.

**COMPLAINT ¶108:**

Upon information and belief, in order to save on labor costs, KSBMs are often required to perform the duties of hourly workers. Upon information and belief, all Smokey Bones locations take advantage of having KSBMs perform tasks generally assigned to hourly employees and also require KSBMs to "fill in" for hourly employees when they are unavailable for work, or were clocked out or sent home.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

**COMPLAINT ¶109:**

As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for their restaurants, Defendant knew, or recklessly disregarded, the fact that Plaintiff and the FLSA Collective Action Members were primarily performing manual labor and non-exempt tasks.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 109 of the Complaint.

**COMPLAINT ¶110:**

Due to Defendant's (a) failure to provide enough labor budget funds; (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the FLSA Collective Action Members; (c) actual knowledge that the primary duties of Plaintiff and the FLSA Collective Action Members were manual labor and other non-exempt tasks; (d) failure to perform a person-by-person analysis of Plaintiff's and the FLSA Collective Action Members' job duties to ensure that they were performing primarily exempt job duties, and; (e) policy and practice that did not allow Plaintiffs and FLSA Collective Action Members to record all hours worked, Defendant knew, and/or showed reckless disregard, that its conduct was prohibited by the FLSA.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 110 of the Complaint.

**COMPLAINT ¶111:**

As a result of Defendant's FLSA violations, Plaintiff, on behalf of her and the FLSA Collective Action Members, are entitled to (a) recover from Defendant unpaid wages for all of the hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) pursuant to 29 U.S.C. § 216(b), recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 111 of the Complaint.

**COMPLAINT ¶112:**

Defendant's violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 112 of the Complaint.

## 26 U.S.C. § 7434 CLASS ACTION ALLEGATIONS

**COMPLAINT ¶113:**

Plaintiff, on behalf of herself and all § 7434 Class Action Members, re-allege and incorporate by reference paragraphs 1 through 112, as if they were set forth again herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1 through 112 as if fully stated herein.

Defendant denies the remaining allegations in Paragraph 112 of the complaint.

**COMPLAINT ¶114:**

Plaintiff seeks to prosecute her 26 U.S.C. § 7434 claim as a Rule 23 class action on behalf of all persons who are, or were formerly, employed by Defendant as KSBMs during the §7434 Class Action Period, and who worked more than forty (40) hours a week for Defendant in the United States.  Plaintiff also alleges on behalf of her and all current and former employees who work or have worked at any Smokey Bones restaurant, nationwide as KSBMs and other employees holding comparable positions with different titles employed by Defendant in the United States and who elect to opt out of this action under Fed. R. Civ. P. 23, for violations of 26 U.S.C. § 7434. (hereinafter the "§ 7434 Class Action" or "§ 7434 Class Action Members").

**ANSWER:**

The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 114 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 114 of the Complaint.

**COMPLAINT ¶115:**

Defendant is liable under 26 U.S.C. § 7434 for, *inter alia*, willfully filing fraudulent information returns for the tax years filed within six years from the date of this filing, with respect to payment purported to be made to Plaintiff and other similarly situated employees.

**ANSWER:**

The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 115 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 115 of the Complaint.

**COMPLAINT ¶116:**

      Upon information and belief, there are at least a few hundred similarly situated current and former KSBMs who have had their IRS Form W-2's willfully underreported by Defendant, and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join.  Thus, notice should be sent to the § 7434 Class Action Members pursuant to Rule 23.

**ANSWER:**

      The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 116 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 116 of the Complaint.

**COMPLAINT ¶117:**

      The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's' records.

**ANSWER:**

      The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 117 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 117 of the Complaint.

**SECOND CAUSE OF ACTION:**
**(26 U.S.C. § 7434)**
**(Brought under Rule 23 on Behalf of Plaintiff and All**
**§ 7434 Class Action Members)**

**COMPLAINT ¶118:**

      Plaintiff, on behalf of herself and all § 7434 Class Action Members, re-allege and incorporate by reference paragraphs 1 through 117, as if they were set forth again herein.

**ANSWER:**

      Defendant incorporates its answers to paragraphs 1 through 117 as if fully stated herein.

Defendant denies the remaining allegations in Paragraph 117 of the complaint.

**COMPLAINT ¶119:**

      Upon information and belief, Defendant became aware of the classification violations of all similarly situated KSBMs prior to the Fall of 2018, and instead of amending their policies,

Defendant willfully directed a subordinate or their CFO Milnthorpe, or Milnthorpe acted on her own accord, to improperly file employees Plaintiff and the § 7434 Class Action Members' Form W-2s with both the Internal Revenue Service ("IRS") and all state authorities during the same time and place every year for the tax years commencing six (6) years from the date of the filing of this Complaint.

**ANSWER:**

The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 119 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 119 of the Complaint.

**COMPLAINT ¶120:**

The Defendant willfully and intentionally under reported Plaintiff and the § 7434 Class Action Member's income on their IRS Form W-2s.[3]

**ANSWER:**

The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 120 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 120 of the Complaint.

**COMPLAINT ¶121:**

Defendant's actions were willful and intentional, as they knew Plaintiff and the §7434 Class Action Members regularly worked sixty-five (65) hours per week, were not exempt from overtime, and therefore under-reported due wages for all hours Plaintiff worked over forty (40) per week.

**ANSWER:**

The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 120 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 120 of the Complaint.

---

[3] "If any person willfully files a fraudulent information return with respect to payment purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return". *26 U.S.C. § 7434*

**COMPLAINT ¶122:**

Defendant willfully misrepresented the amount of wages Plaintiff and the § 7434 Class Action Members earned on their IRS Form W-2s during the tax years commencing six years from the date of filing, by underreporting wages.[4]

**ANSWER:**

The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 122 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 122 of the Complaint.

**COMPLAINT ¶123:**

Upon information and belief, Defendant under reported wages to lower the employer portion of the FICA, FUTA, and other federal and state income taxes on paychecks issued to Plaintiff and the § 7434 Class Action Members during the tax years commencing six years from the date of filing.

**ANSWER:**

The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 123 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 123 of the Complaint.

**COMPLAINT ¶124:**

Defendant willfully reported a lower wage amount to the IRS than the Plaintiff and the § 7434 Class Action Members earned on their pay stubs and IRS Form W-2s.

**ANSWER:**

The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 124 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 124 of the Complaint.

---

[4] An information return includes the IRS Form W-2. *See 26 U.S.C. §§ 6724(d)(1)(A)(vii).*

**COMPLAINT ¶125:**

Defendant willfully filed a fraudulent IRS Form W-2s with respect to payments purported to be made to all similarly situated KSBMs when Defendant filed their yearly tax return information for their employees, for a six-year period commencing from the date of this filing.

**ANSWER:**

The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 125 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 125 of the Complaint.

**COMPLAINT ¶126:**

Based on Defendant's intent to deceive both the IRS and all similarly situated KSBMs by willfully and fraudulently filing Plaintiff and the § 7434 Class Action Members' IRS Form W-2s, they are liable to Plaintiff and the § 7434 Class Action Members in an amount equal to the greater of $5,000 or the sum of any actual damages sustained by Plaintiff and the § 7434 Class Action Members' as a result of such filing, the costs of this action, and reasonable attorneys' fees.[5]

**ANSWER:**

The Court has dismissed Plaintiff's 26 U.S.C. § 7434 claim.  Thus, a response to

Paragraph 126 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 126 of the Complaint.

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

**COMPLAINT ¶127:**

Plaintiff, on behalf of herself and all Massachusetts Class Action Members, re-allege and incorporate by reference paragraphs 1 through 126, as if they were set forth again herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1 through 126 as if fully stated herein.

Defendant denies the remaining allegations in Paragraph 127 of the complaint.

---

[5]  Pursuant to subsection (a), Plaintiff has mailed a copy of this complaint to the IRS, on the date of filing of this action, September 30, 2019.  *26 U.S.C. § 7434(d)*.

**COMPLAINT ¶128:**

Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to prosecute her claims under Massachusetts common law.[6]

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims. Thus, a response to Paragraph 128 of the Complaint is moot and not required. To the extent a response is deemed necessary, Defendant admits that Plaintiff sought to prosecute claims under Massachusetts common law. Defendant denies the remaining allegations contained in Paragraph 128 of the Complaint.

**COMPLAINT ¶129:**

Plaintiff also alleges on behalf of her and all current and former employees who work or have worked at any Smokey Bones restaurant in Massachusetts as KSBMs, and other employees holding comparable positions with different titles, employed by Defendant in Massachusetts, and who elect to opt out of this action under Fed. R. Civ. P. 23[7]

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims. Thus, a response to Paragraph 129 of the Complaint is moot and not required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 129 of the Complaint.

**COMPLAINT ¶130:**

Massachusetts Class Action Members consist of KSBMs employed by Smokey Bones from September 30, 2013- September 29, 2016 (hereinafter the "Massachusetts Class Period").[8]

---

[6] In *Lipsitt v. Plaud*, the Massachusetts Supreme Judicial Court, "[struck] a balance between the Legislature's intent behind the Wage Act that employees receive timely payment of wages . . . and the Legislature's intent to draw a nominal distinction between overtime wages and regular wages by establishing different statute of limitations periods. *Lipsitt v. Plaud, 466 Mass. (2013)*.

[7] The 1st Circuit held that the Wage Act did not displace common law claims either explicitly or implicitly. *Manning v. Boston Med. Ctr. Corp. 725 F.3d (1st Cir. 2013)*.

[8] Plaintiff and the Massachusetts Class Action Members contend that Massachusetts Class Action Period does not overlap with the FLSA Collective Action Period, and therefore "[i]t does not upset this balance to continue to subject employers to normal contract liability for the full six-year statute of limitations period applicable to contracts generally." *Lipsitt v. Plaud, 466 Mass. (2013)*.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims.  Thus, a response to Paragraph 130 of the Complaint is moot and not required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 130 of the Complaint.

**COMPLAINT ¶131:**

Defendant violated Massachusetts law by failing to properly pay wages to Plaintiff and other Class Members for all hours in which they worked over forty (40) in each workweek.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims.  Thus, a response to Paragraph 131 of the Complaint is moot and not required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 131 of the Complaint.

**COMPLAINT ¶132:**

Members of the Class are similarly situated because they all perform the same basic duties and assignments and are all subject to Defendant's common policy and practice implemented throughout Massachusetts.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims.  Thus, a response to Paragraph 132 of the Complaint is moot and not required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 132 of the Complaint.

**COMPLAINT ¶133:**

The Class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims. Thus, a response to Paragraph 133 of the Complaint is moot and not required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 133 of the Complaint.

**COMPLAINT ¶134:**

Upon information and belief, due to the high turnover rate at Smokey Bones, there are at least dozens of members of the Class who worked as salaried KSBMs' in Massachusetts Smokey Bones locations from September 30, 2013 through September 29, 2016.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims. Thus, a response to Paragraph 134 of the Complaint is moot and not required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 134 of the Complaint.

**COMPLAINT ¶135:**

Members of the Class are easily ascertainable from Defendant's own employment records.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims. Thus, a response to Paragraph 135 of the Complaint is moot and not required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 135 of the Complaint.

**COMPLAINT ¶136:**

Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has the same interests in this matter as all other members of the Class.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims.  Thus, a response to Paragraph 135 of the Complaint is moot and not required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 135 of the Complaint.

**COMPLAINT ¶137:**

Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims.  Thus, a response to Paragraph 137 of the Complaint is moot and not required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 137 of the Complaint.

**COMPLAINT ¶138:**

Class certification of Plaintiff's Massachusetts claims is appropriate pursuant to Fed. R. Civ. P. 23, because Defendant has acted or refused to act on grounds generally applicable to the Class, making declaratory and injunctive relief appropriate with respect to the Class as a whole. Members of the Class are entitled to injunctive relief to end Defendant's common and uniform policy and practice of denying the Class the wages to which they are entitled.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims.  Thus, a response to Paragraph 138 of the Complaint is moot and not required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 138 of the Complaint.

**COMPLAINT ¶139:**

Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims.  Thus, a response to Paragraph 139 of the Complaint is moot and not required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 139 of the Complaint.

**COMPLAINT ¶140:**

Class certification of Plaintiff's Massachusetts claims is also appropriate under Fed. R. Civ. P. 23, because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.[9]

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract and other Massachusetts common law claims.  Thus, a response to Paragraph 140 of the Complaint is moot and not required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 140 of the Complaint.

**THIRD CAUSE OF ACTION:**

**(Breach of contract, and Massachusetts common law) (Brought under Fed. R. Civ. P. 23 on Behalf of Plaintiff and all Massachusetts Class Action Members who were employed by the Defendant in the Commonwealth of Massachusetts during the Massachusetts Class Action Period)**

---

[9] The critical question of law and fact common to Plaintiff and the Class that will materially advance the litigation is whether Defendant is required by Massachusetts law to pay Plaintiff and the Class at its regular hourly rate for hours worked in excess of forty (40) hours per workweek, and for other Massachusetts common law violations. Other questions of law and fact common to the Plaintiff and the Class that will materially advance the litigation include, without limitation: a. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records; b. Whether Defendant failed and refused to pay Plaintiff and members of the Class their wages within six days of the termination of the pay period during which the wages were earned; c. Whether Defendant failed to pay Plaintiff and members of the Class the legally required amount of compensation for hours worked in excess of forty (40) hours per workweek, in violation of Massachusetts law; d. Whether Defendant are liable for all damages claimed by Plaintiff and the Class, including, without limitation, compensatory, punitive, and statutory damages, interest, costs and disbursements, and attorneys' fees; and e. Whether Defendant should be enjoined from continuing to violate Massachusetts law in the future.

## COUNT I

### Breach of Contract: Failure to Pay Earned Wages

**COMPLAINT ¶141:**

Plaintiff realleges the above paragraphs 1-140 as if fully restated herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1-140 as if fully stated herein.

**COMPLAINT ¶142:**

Upon information and belief, as a condition for her employment as a salaried employee for the Defendant, Plaintiff and all the Massachusetts Class Action Members were required to and did sign an employment contract upon their hiring.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract claim.  Thus, a response to

Paragraph 142 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 142 of the Complaint.

**COMPLAINT ¶143:**

Upon information and belief, Plaintiff alleges that upon her start date in April of 2015, Plaintiff and Defendant mutually agreed that Plaintiff would work as a salaried Service Manager at the Tyngsboro, MA Smokey Bones location, and that it was agreed that Plaintiff be paid approximately $58,000.00 per year.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract claim.  Thus, a response to

Paragraph 143 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant admits that Plaintiff's start date was in April 2015 and that Plaintiff and

Defendant mutually agreed that Plaintiff would work as a salaried employee at the Smokey

Bones in Tyngsboro, MA.  Defendant denies the remaining allegations contained in Paragraph

143 of the Complaint.

**COMPLAINT ¶144:**

Defendant is liable to Plaintiff and the Massachusetts Class Action Members for breach of their employment contracts, by failing to pay regular wages for all hours worked over 40 per week.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract claim.  Thus, a response to

Paragraph 144 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 144 of the Complaint.

**COMPLAINT ¶145:**

As a direct and proximate cause of Defendant's breach of contract by failing to pay the Plaintiff and the Massachusetts Class Action Members regular wages for hours worked over 40 per week as required by Massachusetts law, whose claims are not preempted by this Court's rulings, have suffered damages.

**ANSWER:**

The Court has dismissed Plaintiff's breach of contract claim.  Thus, a response to

Paragraph 145 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 145 of the Complaint.

## COUNT II

### Quantum Meruit/Unjust Enrichment

**COMPLAINT ¶146:**

Plaintiff realleges the above paragraphs 1-145 as if fully restated herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1-145 as if fully stated herein.

**COMPLAINT ¶147:**

Defendant is liable to Plaintiff and the Massachusetts Class Action Members based on quantum meruit.

**ANSWER:**

The Court has dismissed Plaintiff's quantum meruit/unjust enrichment claim.  Thus, a response to Paragraph 147 of the Complaint is moot and not required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 147 of the Complaint.

**COMPLAINT ¶148:**

As a direct and proximate cause of Defendant's failure to pay Plaintiff and the Massachusetts Class Action Members the reasonable value of their services, including Defendant's failure to act in good faith, Plaintiff and the Massachusetts Class Action Members, whose claims are not preempted by this Court's rulings, have suffered damages.

**ANSWER:**

The Court has dismissed Plaintiff's quantum meruit/unjust enrichment claim.  Thus, a response to Paragraph 148 of the Complaint is moot and not required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 148 of the Complaint.

## COUNT III

### Fraud

**COMPLAINT ¶149:**

Plaintiff realleges the above paragraphs 1-148 as if fully restated herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1-148 as if fully stated herein.

**COMPLAINT ¶150:**

Defendant is liable to Plaintiffs and the Massachusetts Class Action Members for fraud.

**ANSWER:**

The Court has dismissed Plaintiff's fraud claim.  Thus, a response to Paragraph 150 of

the Complaint is moot and not required.  To the extent a response is deemed necessary,

Defendant denies the allegations contained in Paragraph 150 of the Complaint.

**COMPLAINT ¶151:**

Upon information and belief, Defendant became aware of the KSBMs misclassification violations during the auditing process of their prior FLSA lawsuit which settled in the Fall of 2018.  Defendant discovered during their litigation in _Hart v. Barbeque Integrated, Inc.,_ that the Defendant remained liable for all overtime violations pertaining to KSBMs, as they were and still are currently misclassified.

**ANSWER:**

The Court has dismissed Plaintiff's fraud claim.  Thus, a response to Paragraph 150 of

the Complaint is moot and not required.  To the extent a response is deemed necessary,

Defendant denies the allegations contained in Paragraph 150 of the Complaint.

**COMPLAINT ¶152:**

Upon information and belief, Defendant, specifically: Ryan J. Esko, the former CEO ("Esko") of Smokey Bones until January of 2019, and Nicole Milnthorpe the CFO ("Milnthorpe") of Smokey Bones, are both currently aware, or have been previously made aware, that all KSBMs nationwide are being willfully misclassified, and are therefore intentionally violating Federal and Massachusetts state laws by failing to correctly classify all KSBM as non-exempt employees.

**ANSWER:**

The Court has dismissed Plaintiff's fraud claim.  Thus, a response to Paragraph 152 of

the Complaint is moot and not required.  To the extent a response is deemed necessary,

Defendant denies the allegations contained in Paragraph 152 of the Complaint.

**COMPLAINT ¶153:**

Upon information and belief, Esko and Milnthorpe, both have first-hand knowledge of the current and past misclassifications of all KSBMs.

**ANSWER:**

The Court has dismissed Plaintiff's fraud claim.  Thus, a response to Paragraph 153 of

the Complaint is moot and not required.  To the extent a response is deemed necessary,

Defendant denies the allegations contained in Paragraph 153 of the Complaint.

**COMPLAINT ¶154:**

Upon information and belief, Esko and Milnthorpe are were made aware of the illegal
practices, and yet decided against compensating current and former employees and correcting
policies to comply with the law, to reduce Defendant's liability and to defraud current and
former KSBMs.

**ANSWER:**

The Court has dismissed Plaintiff's fraud claim.  Thus, a response to Paragraph 154 of

the Complaint is moot and not required.  To the extent a response is deemed necessary,

Defendant denies the allegations contained in Paragraph 154 of the Complaint.

**COMPLAINT ¶155:**

Upon information and belief, Defendant willfully misclassified Plaintiff and the
Massachusetts Class Action Members as exempt employees, when in fact Defendant was aware
that the Plaintiff and the Massachusetts Class Action Members were required to be paid at their
regular hourly rate for any hours worked over forty per work week.

**ANSWER:**

The Court has dismissed Plaintiff's fraud claim.  Thus, a response to Paragraph 155 of

the Complaint is moot and not required.  To the extent a response is deemed necessary,

Defendant denies the allegations contained in Paragraph 155 of the Complaint.

**COMPLAINT ¶156:**

Upon information and belief, the Defendant acted in bad faith, and according to its own
self-interests, and fraudulently withheld wages due under the Plaintiff and Massachusetts Class
Action Members employment agreements.

**ANSWER:**

The Court has dismissed Plaintiff's fraud claim.  Thus, a response to Paragraph 156 of

the Complaint is moot and not required.  To the extent a response is deemed necessary,

Defendant denies the allegations contained in Paragraph 156 of the Complaint.

**COMPLAINT ¶157:**

As a direct and proximate cause of Defendant's misrepresentations Plaintiff and the
Massachusetts Class Members, whose claims are not preempted by this Court's rulings, have
suffered damages.

**ANSWER:**

The Court has dismissed Plaintiff's fraud claim.  Thus, a response to Paragraph 157 of

the Complaint is moot and not required.  To the extent a response is deemed necessary,

Defendant denies the allegations contained in Paragraph 157 of the Complaint.

## COUNT IV

### Aiding and Abetting

**COMPLAINT ¶158:**

Plaintiff realleges the above paragraphs 1-157 as if fully restated herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1-157 as if fully stated herein.

**COMPLAINT ¶159:**

Defendant is liable to Plaintiff and Massachusetts Class Action Members for aiding and
abetting. [10]

---

[10] An inference can be made from these allegations that the Defendant, "who . . . [was] responsible for employee-
related issues for several years, would have knowledge of the wage statutes; further, the allegations are sufficient to
establish that due to these overlapping responsibilities, the defendants assisted each other in their efforts to violate
the law". *Blanco v.  United Comb & Novelty Corp., Civil Action No. 13-10829-TSH, (D. Mass. Oct. 22, 2013)*

**ANSWER:**

The Court has dismissed Plaintiff's aiding and abetting claim.  Thus, a response to

Paragraph 159 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 159 of the Complaint.

**COMPLAINT ¶160:**

Upon information and belief, Milnthorpe and Esko assisted in the aiding and abetting of
Defendant's fraudulent attempt to conceal Defendant's violations that all KSBMs were and
remain misclassified as exempt employees under the FLSA and Wage Act, and Massachusetts
law.

**ANSWER:**

The Court has dismissed Plaintiff's aiding and abetting claim.  Thus, a response to

Paragraph 160 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 160 of the Complaint.

**COMPLAINT ¶161:**

Upon information and belief, Milnthorpe and Esko became aware of the misclassification
of all KSBMs, and actively assisted in the commission of the fraudulent concealment by failing
to amend company policies, and by further attempting to reduce the Defendant's own liability by
issuing arbitration agreements to current and former KSBMs around the fall of 2018.

**ANSWER:**

The Court has dismissed Plaintiff's aiding and abetting claim.  Thus, a response to

Paragraph 161 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 161 of the Complaint.

**COMPLAINT ¶162:**

Upon information and belief, due to the short statute of limitations period for the FLSA,
Defendant with the assistance of Esko and Milnthorpe believed that they could avoid future
liability regarding the widespread misclassifications by narrowing the window of time KSBMs
had to bring a suit against them, by issuing arbitration agreements to current and former KSBMs
in the Fall of 2018 instead of amending company policies.

**ANSWER:**

The Court has dismissed Plaintiff's aiding and abetting claim.  Thus, a response to

Paragraph 162 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 162 of the Complaint.

**COMPLAINT ¶163:**

From a six-year period from the date of filing this action, Plaintiff and the Massachusetts
Class Action Members, worked in excess of forty hours per week.

**ANSWER:**

The Court has dismissed Plaintiff's aiding and abetting claim.  Thus, a response to

Paragraph 163 of the Complaint is moot and not required.  To the extent a response is deemed

necessary, Defendant denies the allegations contained in Paragraph 163 of the Complaint.

### FOURTH CAUSE OF ACTION:

### MASSACHUSETTS LAW WAGE AND HOUR CLAIM (Brought on Behalf of Named Plaintiff Only)

**COMPLAINT ¶164:**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 163 as if they
were set forth again herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1 through 163 as if fully stated herein.

**COMPLAINT ¶165:**

Defendant has violated M.G.L c. 149, §148 by failing to pay all compensation owed to
Plaintiff within six days after the end of the pay period during which the wages were earned.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 165 of the Complaint.

**COMPLAINT ¶166:**

Plaintiff has satisfied all prerequisites and conditions precedents necessary to seek the remedies sought in this action.  Attached hereto as Exhibit "B" is the Attorney General's authorization for Private Right of Action for the named Plaintiff Brigida Elliott.[11]

**ANSWER:**

The first sentence of Paragraph 166 states a legal conclusion to which no answer is required.  Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding Exhibit B.  Defendant denies any remaining allegations in Paragraph 166 of the Complaint.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff and the Collective and Class Action Members are entitled to and pray for the following relief:

a.  Designation of this action as an FLSA Collective Action on behalf of Plaintiff and the FLSA Collective Action Members, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective Action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.  Designation of this action as a Fed. R. Civ. P. 23 class action on behalf of Plaintiff and the § 7434 Class Action Members, and prompt issuance of notice pursuant to Fed. R. Civ. P. 23 to all similarly situated members of the § 7434 Class Action, apprising them of the pendency of this action, permitting them to opt out of this action, and tolling the statute of limitations;

c.  Designation of this action as a Fed. R. Civ. P. 23 class action on behalf of Plaintiff and the Massachusetts Class Action Members, and prompt issuance of notice pursuant to Fed. R. Civ. P. 23, to all similarly situated members of the Massachusetts Class Action, apprising them of the pendency of this action, permitting them to opt out of this action, and tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and M.G.L. c. 149, §§148 and 150;

---

[11] "An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees." *M.G.L c. 149, §150*

e.  An injunction requiring Defendant to cease their unlawful practices under, and comply with, M.G. L. c. 149, §§148 and 150;

f.  An award of unpaid wages for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA;

g.  An award of treble damages for the loss of wages and other benefits owed to Plaintiff, plus attorneys' fees and costs, pursuant to M.G. L. c. 149 §§148 and 150;

h.  An award of liquidated and punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of forty (40) hours in a work week, at a rate of time and one-half of the regular rate of pay, pursuant to 29 U.S.C. § 216;

i.  An award of liquidated and punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay pursuant to M.G. L. c. 149, §§148 and 150;

j.  An award of damages to those who have not elected out of this action under Fed. R. Civ. P. 23., for violations of 26 U.S.C. § 7434, that they are entitled to *inter alia*: (i) an amount equal to the greater of $5,000 or the sum of any actual damages sustained as required by 26 U.S.C. § 7434(b), and as required by their employment contract with Defendant for a six year period of time from the date of filing of this action;

k.  An award of damages to those who have not elected out of this action under Fed. R. Civ. P. 23, as a result of Defendant's willful failure to pay for all hours worked in excess of forty (40) hours in a work week, at the regular rate of pay pursuant to Massachusetts common law, as required by their employment contract with Defendant, for the period of time from September 30, 2013 through September 29, 2016;

l.  An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

m.  An award of prejudgment and post-judgment interest;

n.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff; and;

o.  Such other and further relief as this Court deems just and proper.

**ANSWER:**

Defendant admits that Plaintiff purports to seek relief but denies that Plaintiff is entitled to the relief set forth in the Prayers For Relief and denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

**ANSWER:**

Defendant demands a jury trial as to all issues so triable.

## ANSWER TO REMAINDER OF COMPLAINT

Defendant denies each and every allegation in the Complaint that has not been separately and specifically admitted.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the admissions, denials, and other responses set forth above, Defendant asserts the following affirmative and other defenses.  In pleading these defenses, Defendant does not assume any burdens of production or proof that it would not otherwise have.  Further, Defendant specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses, that may become apparent at any time during the course of this litigation.

## FIRST DEFENSE

This case may not be maintained as a collective action because Plaintiff has not and cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) and other relevant legal authority.  Defendant maintains that Plaintiff's pleadings fail to meet the requirements necessary to support a collective action or issuance of notice to potential collective action members.

### SECOND DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff and/or any potential collective action members.

### THIRD DEFENSE

Plaintiff and/or any potential collective action members are not entitled to liquidated damages, penalties, multiplication of damages, or extension of any statute of limitations period because Defendant did not willfully, knowingly, or intentionally fail to comply with compensation provisions of federal or Massachusetts law.

### FOURTH DEFENSE

To the extent that Plaintiff or any potential collective action member seeks recovery for any period beyond the statute of limitations period applicable to his or her claims, Plaintiff's claims and those of any potential collective action members are barred, in whole or in part.

### FIFTH DEFENSE

Plaintiff and/or any potential collective action members have received full payment for all work performed thereby barring the claims of Plaintiff and/or any potential collective action members.

### SIXTH DEFENSE

To the extent Plaintiff alleges that she and/or purportedly similarly situated employees should be compensated for time properly deemed preliminary or postliminary time, such time is not compensable under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a).

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.  If Defendant failed to properly pay any non-exempt employee for work time, which Defendant denies, the uncompensated time is *de minimis* and therefore not recoverable.

## EIGHTH DEFENSE

Even if Plaintiff or potential collective action member was not paid for all activities performed while employed by Defendant, which Defendant denies, to the extent that such activities do not constitute compensable work under applicable law, or were not an integral and indispensable part of their principal activities of employment, they are not compensable and Plaintiff or such potential collective action member is not entitled to relief.

## NINTH DEFENSE

To the extent that Plaintiff, or anyone who she alleges to be similarly situated, has sustained any damages, although such is specifically denied, Defendant is entitled to offset, set-off, recoupment, and/or reduction to the extent that Plaintiff, or the members of any potential collective action received overpayments, received expense reimbursements, received the benefit of payments to which they were not entitled, or received pay for any hours when they were not working.

## TENTH DEFENSE

The Complaint, and each and every purported claim for relief alleged therein, is barred because any recovery from Defendant would result in the unjust enrichment of Plaintiff and the persons Plaintiff purports to represent.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent, investigate, and promptly correct any violations of law or policy, and Plaintiff

unreasonably failed to avail herself of these preventive and corrective opportunities or otherwise to avoid harm.

## TWELFTH DEFENSE

Plaintiff's claims for relief are barred to the extent that Plaintiff's own acts or omissions, including Plaintiff's own failure to follow policies or procedures of her employer, caused or contributed to her claims.

## THIRTEENTH DEFENSE

Plaintiff and the members of any potential collective action were exempt from the FLSA's overtime pay requirements, including through the administrative, executive, professional, and/or combination exemptions under 29 U.S.C. § 213(a)(1), 29 C.F.R. Part 541.

## FOURTEENTH DEFENSE

Plaintiff was exempt from Massachusetts's overtime pay requirements, including through the administrative, executive, professional exemptions under Mass. Gen. Laws Ann. ch. 151, § 1A.

## FIFTEENTH DEFENSE

Further, and in the alternative if necessary, Defendant states that its actions with respect to Plaintiff, and the members of any potential collective action, were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

## SIXTEENTH DEFENSE

Plaintiff's claims for unpaid wages on her own behalf and on behalf of any potential collective action members are barred because Defendant did not have actual or constructive knowledge of any purported unpaid overtime work allegedly performed by Plaintiff or any potential collective action member.

## SEVENTEENTH DEFENSE

Plaintiff's claims and those of any potential collective members are barred, in whole or in part, by the doctrines of unclean hands and/or equitable estoppel, to the extent they violated Defendant's policies and/or under-reported or failed to report accurately their time worked.

## EIGHTEENTH DEFENSE

To the extent that Plaintiff purports to represent any individuals who accepted arbitration agreements that require the claims asserted herein to be resolved in arbitration, or any such individuals attempt to join this action, such individuals are precluded from participating in this action and their claims are must be asserted, if at all, in bilateral arbitration proceedings.

## NINETEENTH DEFENSE

Defendant opposes certification and dispute the propriety of collective action treatment. If the Court certifies a collective action in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the collective action.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor and that Defendant be awarded its costs, attorneys' fees, and such other relief as this Court deems appropriate.

**Date:  June 12, 2020**

Respectfully submitted,

BARBEQUE INTEGRATED, INC.,

By  _/s/ Gerald L. Maatman, Jr._

Gerald L. Maatman, Jr.*
gmaatman@seyfarth.com
Jennifer A. Riley*
jriley@seyfarth.com
Andrew D. Welker*
awelker@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Alex Meier
ameier@seyfarth.com
Florida Bar No. 1011557
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Admitted _pro hac vice_

_Attorneys For Defendant_

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 12, 2020, I electronically filed the foregoing Answer to Plaintiff

Brigida Elliott's Amended Collective And Class Action Complaint was filed with the Clerk of

Court using the CM/ECF system, which will automatically send electronic notification of such

filing to the following attorneys of record:

> **Jay N. Michelman**
> Michelman Law Offices
> 1333 E Columbus Avenue
> PO Box 2992
> Springfield, MA 01101-2992
> 413-737-1166
> Fax: 413-736-0429
> Email: michelmanlaw@hotmail.com
> *ATTORNEY TO BE NOTICED*

> By _s/ Alex Meier_____
> Attorney for Defendant