UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BRIGIDA ELLIOTT, individually and on
behalf of all other persons similarly situated,

     Plaintiff,

v.

BARBEQUE INTEGRATED, INC.,

     Defendant.

CASE NO. 0:19-CV-62426-AHS

Judge Raag Singhal

Magistrate Judge Alicia O. Valle

## JOINT MOTION FOR *IN CAMERA* REVIEW AND APPROVAL OF SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Brigida Elliott ("Plaintiff") and Defendant Barbeque Integrated Inc. d/b/a Smokey Bones Bar & Fire Grill ("Smokey Bones") (together, the "Parties"), through counsel, hereby file this Joint Motion For *In Camera* Review And Approval Of Settlement Agreement And Incorporated Memorandum Of Law, as follows:

1. This is an action filed on September 30, 2019, under the Fair Labor Standards Act ("FLSA"), in which Plaintiff sought recovery for unpaid wages allegedly due and owing to her.

2. Plaintiff sought to bring a collective action under 29 U.S.C. § 216(b) on behalf of Kitchen, Service, and Bar Managers ("KSBMs") for Defendant, claiming that Defendant misclassified such individuals as exempt and, as a result, improperly failed to pay them overtime compensation.  Plaintiff also brought a failure to timely pay wages claim on an individual basis under the Massachusetts Wage Act ("MWA") based on the same allegations.  In addition, Plaintiff brought a putative class action under Rule 23 on behalf of KSBMs alleging that, because Defendant purportedly misclassified the KSBMs as exempt, it willfully submitted

fraudulent tax returns in violation of 26 U.S.C. § 7434.  Finally, Plaintiff brought a putative class action under Rule 23 on behalf of KSBMs who worked in Massachusetts between September 30, 2013, through September 29, 2016, asserting a host of purported common law allegations, including common law fraud, breach of contract, quantum meruit/unjust enrichment, and aiding and abetting.

3.      On December 5, 2019, the Parties attended a Settlement Conference before Magistrate Judge Alicia O. Valle, but were unable to settle the matter at that time.  (*See* ECF No. 28.)

4.      Plaintiff filed an amended complaint on December 16, 2019 (ECF No. 30).  On December 30, 2019, Defendant moved to dismiss Plaintiff's amended complaint in part, including her claims for tax fraud, common law fraud, breach of contract, quantum meruit/unjust enrichment, and aiding and abetting.  (ECF Nos. 31-32.)  Defendant did not move to dismiss Plaintiff's individual FLSA or MWA claims.  (*Id*.)

5.      On January 30, 2020, Plaintiff moved for conditional certification of a nationwide collective action of KSBMs.  (ECF No. 40.)

6.      On May 29, 2020, the Court denied Plaintiff's motion for conditional certification and granted Defendant's motion to dismiss Plaintiff's claims for tax fraud, common law fraud, breach of contract, quantum meruit/unjust enrichment, and aiding and abetting.  (ECF Nos. 58-59.)

7.      On July 15, 2020, the Parties participated in a Court ordered mediation with Martin Scheinman.  Following the mediation, and in order to avoid the costs and uncertainties of litigation and the attorneys' fees associated with these types of actions, the parties negotiated a

full resolution of the matter and entered into a confidential settlement agreement.  (*See* ECF No. 68, 72.)

8.      Because of the nature of Plaintiff's claims, which include wages allegedly owed under the FLSA, the settlement requires Court approval in order to become effective.  *Lynn's Food Stores v. U.S. Dept. of Labor*, 619 F.2d 1350 (11th Cir. 1982).

9.      Under *Lynn's Food Stores*, the Court must determine whether an FLSA settlement is a fair and reasonable resolution of a *bona fide* dispute.  *Id*. at 1354-55.  In making the requisite fairness determination, Courts consider the following factors:  "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc*., Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).  Each of the requisite factors are met here.

10.      As an initial matter, there is a *bona fide* dispute between the Parties.  The Parties vigorously disagree on a majority of the central factual and legal issues in the case, including among other things: (a) whether Plaintiff was an exempt employee under the FLSA's executive and administrative exemptions and thus entitled to overtime compensation; (b) the number of weekly hours worked by Plaintiff during the relevant employment period; and (c) to the extent any FLSA violations were found (which Defendant disputes), whether any such violations were intentional or willful.

11.      The Parties jointly agree that the terms of their settlement are fair and reasonable in light of all of the facts and legal standards applicable, the cost of protracted litigation, the risk

of each side winning or losing, the economic circumstances related to the ongoing Covid-19 pandemic, and the factors considered by Courts in this Circuit.

12.     First, there is no fraud or collusion behind the settlement.  The Parties were represented by experienced counsel in an adversarial process.  The Parties first engaged in a Settlement Conference with the Magistrate Judge in December 2019, but were unable to reach an agreement at that time.  The Parties most recently attended a mediation with Martin Scheinman, a mediator who has substantial experience mediating claims arising under the FLSA. Throughout the mediation and thereafter, the Parties engaged in good faith arms-length negotiations.  These facts demonstrate the absence of fraud or collusion.

13.     Second, while the case has been pending since September 2019, the Parties needed to complete a substantial amount of discovery, including taking depositions, engaging expert witnesses, and other pre-trial motions.  Continued litigation will significantly increase the Parties legal fees and costs.

14.     Third, the case has been pending for almost a year and the Parties have produced documents, shared damages calculations, participated in a Settlement Conference and mediation, and engaged in significant motion practice including a motion to dismiss, motion for conditional certification, and motion to compel, among others.  Thus, the Parties are well apprised of the underlying facts and the strengths and weaknesses of each other's respective positions.

15.     Fourth, Defendant believes that the documents and testimony demonstrate that Plaintiff was properly classified as an exempt employee under the executive and administrative exemption and thus not entitled to overtime pay.  Accordingly, Defendant believes that there was a strong likelihood that Plaintiff's claims would have been defeated at the summary judgment stage or at trial, if the case was not settled before then.

4

16.     Fifth, as mentioned above, Defendant believes that Plaintiff was properly classified as an exempt employee and thus not entitled to any overtime pay.  However, even if Plaintiff were found to have been misclassified, Defendant believes that Plaintiff's claim is worth far less than she estimates because the evidence demonstrates that she could not have worked the number of hours she has claimed.  Nevertheless, given that Plaintiff did not record her time, it is difficult to determine how many hours Plaintiff worked per week.

17.     Finally, the Parties' counsel agree that this compromise settlement, which was negotiated following the production of documents, a mediation, and arms-length negotiations, represents a fair and reasonable resolution of a *bona fide* dispute.

18.     Because the settlement agreement requires confidentiality, the parties do not wish to file it with the Court and thereby make it part of the Court file.  Accordingly, the Parties respectfully request that the Court review the executed settlement agreement *in camera*.

19.     Other Courts in this District and Circuit have permitted *in camera* review of settlement agreements in FLSA litigation where the Court is familiar with the factual and legal issues of the case.  *See, e.g., Moore v. S. Fla. Restoration, Inc.*, No. 18-21956-CIV, 2018 WL 6620872, at *1 (S.D. Fla. Nov. 16, 2018) (approving settlement agreement and dismissing action with prejudice after reviewing settlement agreement *in camera*); *Antunez v. City of Miami*, No. 14-22484-CIV, 2014 WL 12571406, at *1 (S.D. Fla. Oct. 20, 2014) (same); *Denise Tardiff, v. Mom's Kitchen Inc.*, No. 19-61316-CIV (S.D. Fla. Aug. 21, 2019) (same); *see also Ammirati v. Lutheran Servs. Fla., Inc.*, No. 2:09-CV-496-FTM-29SPC, 2010 WL 148724, at *2 (M.D. Fla. Jan. 13, 2010) (same); *Nunnink v. Wholesale Pictures & Mirrors, LLC*, No. 2:09-CV-365-FTM-36-S, 2010 WL 338098, at *2 (M.D. Fla. Jan. 22, 2010) (same).

20.     Here, the case has been pending for nearly a year and the Parties have made numerous submissions to the Court, including Plaintiff's statement of claim and Defendant's response (ECF No. 6, 17), and briefing related to Defendant's motion to dismiss and motion to compel, and Plaintiff's motion to stay discovery, and motion for conditional certification, which have articulated the factual and legal issues in the case and the relative strengths and weaknesses of the parties' positions.  In addition, as mentioned above, the Parties held a Settlement Conference with the Magistrate Judge, prior to which they submitted confidential settlement conference statements to the Court.  Thus, the Court is well apprised of the nature of the case, the Parties' positions, and the relative strengths of the claims and defenses.

21.     The Parties have contemporaneously submitted their written settlement agreement to the Court's chambers via email for *in camera* review and submit that the terms set forth in the Settlement Agreement are a fair and reasonable resolution of a *bona fide* dispute between the Parties.

WHEREFORE, the Parties respectfully request the Court to enter the attached proposed stipulated order granting the Motion for *In Camera* Review And Approval Of Settlement Agreement and dismissing this case with prejudice, reserving jurisdiction to enforce the settlement, and entering any and all such further relief as may be deemed just and equitable under the circumstances.

## <u>CERTIFICATION OF PRE-FILING CONFERENCE</u>

The undersigned certify that, in accordance with Local Rule 7.1(a)(3), the Parties'

counsel have conferred in good faith, and agree to the relief requested herein.


Date:  September 21, 2020                     Respectfully submitted,

BRIGIDA ELLIOTT,                              BARBEQUE INTEGRATED, INC.,


By: _/s/   Jay N. Michelman_____     By  _/s/ Gerald L. Maatman, Jr._____
Jay N. Michelman                              Gerald L. Maatman, Jr.*
michelmanlaw@hotmail.com                      gmaatman@seyfarth.com
Michelman Law Offices                         Jennifer A. Riley*
1333 E Columbus Avenue                        jriley@seyfarth.com
PO Box 2992                                   Andrew D. Welker*
Springfield, MA 01101-2992                    awelker@seyfarth.com
Telephone:  413-737-1166                      SEYFARTH SHAW LLP
Facsimile:  413-736-0429                      233 South Wacker Drive, Suite 8000
                                              Chicago, Illinois 60606
*Attorney for Plaintiff*                      Telephone: (312) 460-5000
                                              Facsimile: (312) 460-7000
                                              *Admitted *pro hac vice*

                                              Alex Meier
                                              ameier@seyfarth.com
                                              Florida Bar No. 1011557
                                              SEYFARTH SHAW LLP
                                              1075 Peachtree Street, N.E.
                                              Suite 2500
                                              Atlanta, Georgia 30309-3958
                                              Telephone: (404) 885-1500
                                              Facsimile: (404) 892-7056


                                              *Attorneys For Defendant*

64994099v.2

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on September, 2020, I electronically filed the foregoing **Joint Motion For**

***In Camera* Review And Approval Of Settlement Agreement** with the Clerk of Court using the

CM/ECF system, which will automatically send electronic notification of such filing to all

attorneys of record:

By  *s/ Alex Meier*
Attorney for Defendant